ERVIN, Judge.
In this workers’ compensation appeal, claimant seeks reversal of an order denying his claim for compensation benefits following the maximum medical improvement (MMI) date found by the judge of compensation claims (JCC). We reverse and remand, because the JCC’s determination as to the MMI date is not supported by competent, substantial evidence; instead the evidence demonstrates that further recovery from the injury is reasonably anticipated.
On March 14, 1990, claimant suffered a work-related injury to his right wrist. His treating physician, Dr. David Globerman, diagnosed a lacerated tendon in the right *661 wrist which he repaired, and he thereafter referred claimant to an occupational therapist. In denying appellant’s claim, seeking, among other things, temporary total disability (TTD) and/or wage-loss (WL) benefits from the date of the injury to the date of hearing and continuing, the JCC determined that claimant was entitled to TTD benefits from the date of the accident through May 18, 1990, the date that Dr. Globerman testified that claimant had reached MMI. The JCC denied, however, the claim for WL benefits after the date of MMI because, based upon the testimony of Dr. Globerman, he found no residual permanent impairment (PI) as a result of the injury.
We agree with appellant that the JCC erroneously denied his claim for temporary disability benefits after May 18, 1990, on the ground that the only evidence in support of the denial, i.e., Dr. Globerman’s testimony that claimant had attained MMI, was inconsistent with the statutory definition of same, that is, “the date after which further recovery from, or lasting improvement to, an injury or disease can no longer reasonably be anticipated, based upon reasonable medical probability.” § 440.02(8), Fla.Stat. (1989). In opining that claimant had reached MMI with no PI, Dr. Glober-man candidly admitted that he expected claimant’s condition to further improve. Such improvement, in his opinion, however, would not be significant and in fact would only be minimal.
Moreover, it appears from the following testimony that Dr. Globerman incorrectly believed that the date of MMI marks the date that a patient is able to return to work: “So my working definition [of MMI] is, is the patient capable of returning to work at his previous occupation safely for himself and his fellow workers.” Dr. Glo-berman’s “working definition” is clearly inconsistent with the legal definition of MMI. As this court observed in Stewart v. Resort Inns of America, 513 So.2d 1334, 1335 (Fla. 1st DCA 1987): “The ability to return to work in some capacity should not be confused with the question of whether the claimant has reached MMI.” Moreover, “[a] determination that maximum medical improvement has been achieved should ordinarily be based upon a clear, explicit expression of that fact set forth in medical records or medical opinion testimony. A maximum medical improvement determination should not be confused with a finding that a claimant is able to return to work.” Gillich v. Park Ave. Night Club, 569 So.2d 930, 932 (Fla. 1st DCA 1990) (citations omitted).
Dr. Globerman’s determination of MMI, based upon his opinion that the claimant could return safely to work, combined with his statement that claimant’s condition would continue to improve, hardly constitutes a “clear, explicit expression” that claimant had, in fact, reached MMI. Accordingly, we vacate that portion of the order finding that claimant had attained MMI. Additionally, we reverse that portion of the order denying the claim for temporary disability benefits subsequent to the erroneous MMI date and remand with directions that claimant receive such benefits for all periods during which he was not at MMI, providing that claimant is otherwise able to establish that the disability benefits claimed are the result of the com-pensable injury.
REVERSED and REMANDED.
WIGGINTON and ZEHMER, JJ., concur.