658 So.2d 108 (1995)
MAC PAPERS, INC., and Associated Industries of Florida, Appellants,
v.
Armando CRUZ, Appellee.
No. 92-1856.
District Court of Appeal of Florida, First District.
April 17, 1995.
Rehearing Denied August 23, 1995.
Ivette E. Linares of Reinert, Perez & Goran, P.A., Coral Gables, for appellants.
Jay M. Levy, P.A. and De Cardenas & Freixas, Miami, for appellee.
PER CURIAM.
Employer and Carrier, Mac Papers, Inc. and Associated Industries of Florida (E/C), seek reversal of a workers' compensation order that awards Claimant, Armando Cruz, wage-loss benefits from June 28, 1991, through July 8, 1991, and from July 23, 1991, through August 19, 1991. We affirm in part, reverse in part, and remand.
The Judge of Compensation Claims (JCC) found that during the temporary partial disability period from June 28, 1991, through July 8, 1991, Claimant worked in a light-duty capacity and awarded wage-loss benefits subject to appropriate offset, if any.[1] He further found that on July 3, 1991, Employer offered Claimant a light-duty job. However, on July 8, 1991, when Claimant had returned to work for Employer, he suffered an exacerbation and returned to see his authorized physician, who took Claimant off work until *109 July 23, 1991. Accordingly, Carrier paid temporary total disability from July 9 through July 22, 1991. Employer also sent Claimant a letter on July 24, 1991, advising him that a job was available within his restrictions. The letter, however, was sent to an incorrect address and Claimant did not receive the letter until August 19, 1991. Based on these facts, the JCC ruled that "[s]ince the Employer/Carrier did not definitely notify the Claimant (subsequent to the two week period of temporary total disability [7/9/91  7/22/91]) that any light duty job was still open, I find that the Claimant is entitled to wage loss benefits from the period of July 23, 1991 to August 19, 1991 when he was unarguably notified that a job was available."
The E/C, arguing for reversal of the award for the period June 28 through July 8, 1991, assert there is no evidence that Claimant actually was working in a light-duty capacity at this time and that Claimant did not file a wage-loss request or conduct a work search for this period. Claimant concedes that wage-loss benefits were improperly awarded for the period June 28, 1991, through July 3, 1991, because no claim was filed covering this period. As for the period July 4 through July 8, Claimant contends that he is entitled to benefits because he was relieved of the obligation to perform a good-faith search once he was offered a light-duty job on July 3 and that he was not able to report to work until July 8 because of the intervening July 4 holiday. We need not consider whether the offer of a job relieved Claimant of the obligation to perform a work search. We conclude that Claimant was excused from conducting a work search because the record failed to prove that he had the requisite knowledge of this statutory requirement, as discussed below. Accordingly, we affirm this award.
We likewise affirm the wage-loss benefits awarded for the period commencing July 23, 1991, through August 19, 1991. Although the record establishes that Cruz performed a work search, of sorts, after his treating physician took him off temporary total disability status on July 23, his search was confined to applying for positions as a truck driver, employment that he had performed before his industrial injury. The JCC found that in applying for these positions Claimant had applied for work that was beyond his capacity to perform due to limitations placed upon him by his physician. However, the JCC also found that the E/C failed to notify Cruz of the availability of a job within his restrictions until August 19, 1991, so the JCC excused the work-search requirement until that date and awarded wage-loss benefits from July 23, 1991, through August 19, 1991.
Challenging this award, the E/C argue that even though Claimant did not learn of the available job until August 23, nevertheless the fact that Claimant conducted a job search shows that he necessarily had actual knowledge of his responsibility to do so, and that the statutory language in the amendment to subsection 440.15(3)(b)(2), Florida Statutes, effective July 1, 1990,[2] (which the parties agree is applicable to the period of wage loss here involved) requires reversal of this award. We reject this argument. The record contains no proof of the extent of Claimant's knowledge of the statutory work-search requirements. Just as we will not infer from a silent record the absence of notice required by section 440.185, Clark v. Duck Key Marina, Inc., 602 So.2d 677 (Fla. 1st DCA 1992), neither will we infer from a silent record actual knowledge of the statutory requirements for a valid work search. Merely looking for work does not establish actual knowledge of the requirements of subsection 440.15(3)(b)(2) that the employee in good faith look for a minimum of five jobs within the employee's limitations in each biweekly period and submit wage-loss forms and job-search forms to the employer within 14 days after benefits are due. When the Legislature amended subsection 440.15(3)(b)(2) to read "after the employee has knowledge that a job search is required," it gave some relief to the employer from its failure to give the statutory notice required by section 440.185 as construed by this court in DeFrees v. Colt and Dumont/Hit Sales, 483 So.2d 848 (Fla. 1st DCA 1986), by allowing the employer to prove the employee nevertheless *110 had actual knowledge of the work search requirements. Where the employee's actual knowledge becomes an issue, the employer bears the burden of proving the employee's knowledge of all statutory requirements regarding the performance of a job search to avoid the obligation in section 440.15(3)(b)(2). When the Legislature amended subsection 440.15(3)(b)(2), it did not delete from the act the provisions of subsection 440.185(2), Florida Statutes (1991), requiring an employer, within seven days after an employee's injury, to notify the employee in writing of the obligations that must be satisfied in order to establish entitlement to wage-loss benefits. Accordingly, it is not sufficient for the employer to come before this court and merely argue that the employee must have known of the statutory requirements because a work search of sorts was conducted.
The award of wage-loss benefits for the period June 28 through July 3, 1991, is reversed. The award of wage-loss benefits for the periods July 4 through July 8 and July 23 through August 19, 1991, is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
ZEHMER, C.J., and ERVIN, J., and SMITH, Senior Judge, concur.
NOTES
[1] The order found that Claimant reached maximum medical improvement on February 7, 1991, with a permanent impairment. Although the judge characterized this wage loss as a "temporary partial disability period," this characterization is obviously incorrect. Since no party has raised any issue regarding this error, we shall treat this award as wage loss pursuant to section 440.15(3)(b), Florida Statutes (1991).
[2] Ch. 90-201, §§ 20 and 121, at 938, 1042, Laws of Fla.