660 So.2d 799 (1995)
Nellie MARBURY, Appellant,
v.
HOLIDAY INN, Appellee.
No. 93-3664.
District Court of Appeal of Florida, First District.
September 22, 1995.
*800 Gerald Piken, Adam Baron and Evan Ostfeld, Law Office of Gerald Piken, P.A., North Miami Beach, for appellant.
Cheryl L. Wilke of Rigell & Leal, P.A., West Palm Beach, for appellee.
PER CURIAM.
Appellant Nellie Marbury, claimant in this workers' compensation matter, challenges the judge of compensation claims (JCC) denial of her claim for wage loss benefits. We reverse.
The JCC did not err in rejecting the testimony of claimant's chiropractor in favor of the testimony of several orthopedic surgeons, including the one who actually operated on claimant. She did, however, err in certain rulings concerning the job search requirement and the defense of voluntary limitation of income. Specifically, the voluntary limitation of income defense was never raised properly by the employer/carrier, and thus the JCC should not have made a finding in reliance upon this defense. See Scherreiks v. A & B Roofing, Inc., 571 So.2d 73 (Fla. 1st DCA 1990) (although record might contain competent substantial evidence for a finding of voluntary limitation of income, such was not raised as a defense by the employer/carrier).
On the question of the adequacy of claimant's job search, the JCC relied extensively upon this court's decisions in Litvin v. St. Lucie County Sheriff's Dep't, 599 So.2d 1353 (Fla. 1st DCA), rev. denied, 613 So.2d 6 (Fla. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 2350, 124 L.Ed.2d 258 (1993), and Scotty's v. Jacoby, 611 So.2d 101 (Fla. 1st DCA 1992). In these cases, we held that under section 440.15(3)(b)2., Florida Statutes (1990 Supp.), a claimant's work search responsibility is now predicated upon actual notice, rather than solely upon notice given by the employer/carrier. We have subsequently noted, however, that mere general knowledge of a work search requirement is not sufficient to bar wage loss. Turner v. Rinker Materials, 622 So.2d 80 (Fla. 1st DCA 1993). Rather, since the workers' compensation remains an employer/carrier monitored system, the burden is upon the E/C to demonstrate "the claimant knew of the job search requirement and wage loss reporting requirement." Id. at 86. See also Mac Papers, Inc. v. Cruz, 658 So.2d 108, 110 (Fla. 1st DCA 1995) ("Where the employee's actual knowledge becomes an issue, the employer bears the burden of proving the employee's knowledge of all statutory requirements regarding the performance of a job search to avoid the obligation in section 440.15(3)(b)2"). In the present case actual notice to claimant did become an issue and employer/carrier conceded it had not provided a wage loss letter to claimant. Although employer/carrier demonstrated that claimant had filed wage loss requests, no evidence appears indicating claimant's actual knowledge of all statutory requirements regarding the performance of a *801 job search. Accordingly the JCC erred in the blanket denial of wage loss benefits based upon inadequate job search for the period from October 1, 1991 through the date of the hearing in this case.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN, JOANOS and KAHN, JJ., concur.