PER CURIAM.
Ingrid Sanchez appeals a workers’ compensation order by which the judge of compensation claims (JCC) denied wage loss benefits from July 20, 1993 through the date of the hearing. Finding no record evidence to support the JCC’s finding that Sanchez was aware of the obligation to perform a job search, we reverse.
Sanchez suffered a compensable injury on February 19, 1986 when she slipped and fell in the restaurant food preparation area of Howard Johnson, the employer. After reporting the accident to her supervisor, Sanchez was taken to the emergency room for treatment. Thereafter, Sanchez sought treatment from her own physician, Dr. Walter Larimore, who remains her primary physician treating both the occupational and unrelated conditions. At various times during the course of treatment for the occupational injury, when Sanchez experienced an exacerbation of her condition or increased pain, Dr. Larimore excused her from work. During these periods of no-work status, Sanchez submitted wage loss (WL) forms through her attorney.
Periodically, Dr. Larimore sought consultation concerning Sanchez’s condition from Dr. Markus Kornberg, an orthopedic physician. Following one such consulting evaluation on April 16, 1993, Dr. Kornberg determined that Sanchez was capable of returning to work on an uninterrupted basis. Dr. Lari-more accepted Dr. Kornberg’s determination and on July 20, 1993 informed Sanchez that she could return to work.
Seeking temporary total disability (TTD) and WL benéfits, Sanchez filed a claim for benefits. A hearing on that claim was held on December 7, 1993. Prior to the hearing, the employer and The Travelers Insurance Company, the carrier, stipulated to Sanchez’s entitlement to TTD benefits through July 20, 1993. Following the hearing, the JCC ac *380 cepted the stipulated entitlement to TTD benefits but denied the claim for WL benefits subsequent to July 20, 1993. This appeal timely followed.
In concluding that no WL benefits were due after July 20, 1993, the JCC accepted Sanchez’s testimony that she had not submitted job search forms to the carrier after that date. The JCC found that Sanchez was aware, however, of her obligation to conduct a job search and had, in fact, done so in the past. We find no record evidence to support a finding that Sanchez had conducted a job search and submitted job search forms therefor prior to July 20, 1993 or had actual knowledge of the obligation in this regard. We accordingly reverse.
Since workers’ compensation in Florida is a system to be monitored by employers and carriers, the burden was on the E/C in this case to demonstrate that “the claimant knew of the job search requirement and wage loss reporting requirement.” Turner v. Rinker Materials, 622 So.2d 80, 86 (Fla. 1st DCA 1993). “Where the employee’s actual knowledge becomes an issue, the employer bears the burden of proving the employee’s knowledge of all statutory requirements regarding the performance of a job search to avoid the obligation in section 440.15(3)(b)(2).” Mac Papers, Inc. v. Cruz, 658 So.2d 108, 110 (Fla. 1st DCA 1995). In the case before us, Sanchez’s actual knowledge did become an issue and the wage loss letter claimed to have been sent by the E/C does not appear in the record. Although the record indicates that Sanchez had filed wage loss request forms, there is no indication in the record that she had actual knowledge of the statutory requirements regarding the performance of a job search. The JCC’s denial of WL benefits from July 20, 1993 based upon lack of a job search was in error.
We accordingly REVERSE and REMAND for further proceedings consistent with this opinion.
ALLEN and DAVIS, JJ., and SHIVERS, Senior Judge, concur.