677 So.2d 855 (1995)
KILBOURNE & SONS and Nationwide Insurance, Appellants/Cross-Appellees,
v.
John KILBOURNE, Appellee/Cross-Appellant.
No. 93-3796.
District Court of Appeal of Florida, First District.
December 19, 1995.
*856 Jack A. Weiss of Conroy, Simberg & Lewis, P.A., West Palm Beach, for Appellants/Cross-Appellees.
David L. Kahn, Ft. Lauderdale, for Appellee/Cross-Appellant.
*857 SMITH, Senior Judge.
In this workers' compensation case, the employer/carrier (E/C) appeal and the claimant cross-appeals orders of the Judges of Compensation Claims (JCC).[1] We affirm in part and reverse in part as to the issues on appeal by the E/C. We reverse as to the two issues raised by the claimant on cross-appeal.
The E/C argue for reversal on grounds: (1) that the JCC's finding that the claimant satisfied his initial burden of showing a causal relationship between the loss of earnings and the industrial accident was not supported by competent substantial evidence; (2) that the JCC erred by failing to allow inquiry as to the claimant's knowledge of his obligation to perform a good faith job search when the source of that knowledge is the claimant's attorney; (3) that the JCC erred in ruling that the E/C waived the defense of lack of a good faith job search when the E/C did not specifically state this defense on each of its notices of denial, and (4) that the JCC erred in reserving jurisdiction on attorney's fees in the order on remand when the district court of appeal granted jurisdiction on remand only to determine the permanent impairment rating. We affirm without discussion on issues (1) and (4), and reverse on issues (2) and (3).
On the cross-appeal, the claimant argues for reversal of certain rulings made by the JCC, contending: (1) that the JCC's finding that the maximum medical improvement (MMI) date was November 11, 1992, was not supported by competent substantial evidence, and (2) that the JCC's determination of penalties based on the date the notices of denial were mailed as opposed to the date they were filed with the Division was in error. We reverse as to issues (1) and (2) on the cross-appeal.
Kilbourne, the claimant, while working for Kilbourne & Sons, suffered a potentially compensable industrial accident on November 30, 1990, when a wire bristle from a paint brush flew out and penetrated his left eye. Claimant was treated for his injury by Dr. Litinsky, who diagnosed a 14% impairment because of a decrease in the claimant's depth perception and glaucoma resulting from the puncture wound. Dr. Litinsky released the claimant back to work with "no restrictions" but testified that the claimant's work activities must be tempered by his lack of depth perception.
Claimant testified at the hearing below that prior to the accident he was hired as a salesman and estimator but that he also drove a truck, operated a paint machine, assisted in laying asphalt and concrete, applied sealing coats and assisted in cleaning job sites. Claimant further testified that after his injury he returned to Kilbourne & Sons to call on customers, make estimates and sometimes drive a truck, but was not able to perform the other tasks that were undertaken prior to the accident.
Subsequently, the claimant left his employment with Kilbourne & Sons and moved to North Carolina. Thereafter, the claimant filed wage loss forms. The E/C, in response, filed notices of denial stating, as reasons for denial, that the claimant's wage loss was not due to any compensable injury and that the claimant was released back to work with no restrictions, and any "other defenses which may become known." Upon final hearing before the JCC the E/C challenged the sufficiency of the claimant's job search efforts.
At the claimant's deposition, taken on October 14, 1993, the E/C inquired as to how the claimant became informed of his obligation to fill out wage loss forms and his job search requirement, and whether he was advised by his counsel. The claimant answered that his counsel had informed him of his responsibility. Upon further inquiry by E/C, claimant's counsel objected on the basis of the attorney-client privilege. At an emergency hearing on a motion to compel answers and again at the final hearing, the JCC sustained the objection barring the E/C from inquiring into whether the claimant had adequate notice of his obligation to file wage loss forms.
*858 At the final hearing, the claimant argued that the E/C waived its defense of a lack of a good faith job search when it failed to specifically list this defense on each of its notices of denial. The E/C defended on the grounds that the notices of denial stated "any other defense that may become known" and that the pretrial stipulation, entered into four months prior to final hearing, specifically listed the defense of lack of a good faith job search. The JCC found that the claimant was on notice of the defense three days after entry of the pretrial stipulation on June 17, 1993, and thus was required to perform a good faith job search after that time. However, the JCC concluded, prior to June 20, 1993 the E/C had not notified the claimant of this defense in the notices of denial of wage loss claims and thus the E/C waived the lack of a good faith job search defense.
A claimant is required to show evidence of an adequate good faith job search. Nickolls v. University of Florida, 606 So.2d 410 (Fla. 1st DCA 1992). However, the claimant's work search responsibility is predicated upon actual notice of the requirement to perform the work search. Section 440.15(3)(b)2, Florida Statutes (Supp.1990). The burden is upon the E/C to demonstrate that the claimant knew of the job search requirement and the wage loss reporting requirement. Marbury v. Holiday Inn, 660 So.2d 799 (Fla. 1st DCA 1995); Mac Papers, Inc. v. Cruz, 658 So.2d 108 (Fla. 1st DCA 1995). In Litvin v. St. Lucie County Sheriff's Dept., 599 So.2d 1353 (Fla. 1st DCA 1992), this court denied wage loss benefits to the claimant during the period that the claimant did not perform a good faith job search because the claimant had been fully advised of his obligation under Section 440.15(3)(b)2 by his attorney. See also, Scotty's v. Jacoby, 611 So.2d 101 (Fla. 1st DCA 1992).
In the instant case the JCC denied, on the basis of the attorney-client privilege, the E/C's direct inquiry as to whether or not the claimant's attorney specifically advised the claimant of the requirement to perform a good faith job search. The JCC thus effectively prevented the E/C from being able to satisfy its burden of proving that the claimant knew of but failed to comply with the statutory requirements under section 440.15(3)(b)2.
We conclude that the JCC's denial of the inquiry as to the claimant's knowledge of his job search requirements and the source of that knowledge was error. We have previously held that section 440.15(3)(b)2 does not offend the attorney-client privilege, nor does it violate the constitutional rights of equal protection and access to the courts. Litvin v. St. Lucie County Sheriff's Dept., supra. We have also held that since workers' compensation remains an employer/carrier monitored system the burden is on the E/C to demonstrate that the claimant knew of the job search and wage loss reporting requirements. Marbury v. Holiday Inn, and Mac Papers, Inc. v. Cruz, supra. We are of the view that no privilege attaches to a communication consisting of the attorney's recitation of the language of the statute. The statement made by the claimant's attorney advising claimant of statutory work search requirements is not in our view a "confidential communication" within the purview of section 90.502, Florida Statutes. See, Watkins v. State, 516 So.2d 1043 (Fla. 1st DCA 1987), rev. denied, 523 So.2d 579 (Fla.1988) (defendant's former attorney's communication to defendant of trial dates was not a communication "not intended to be disclosed to third persons," and attorney-client privilege did not bar attorney's testimony in prosecution for defendant's failure to appear for jury trial to extent that testimony related to communication of trial dates).
We disagree also with the JCC's ruling that the E/C waived its defense of "lack of a good faith job search" because the E/C failed to specifically list this defense on their notices of denial. The parties entered into a pretrial stipulation listing as a defense "lack of a good faith job search" on June 17, 1993, four months prior to the final hearing. At the final hearing, on October 19, 1993, the parties again agreed on the issues and defenses that would be presented. We have previously held that where a pretrial stipulation states a claim or defense to be presented, even though no formal claim or defense has been filed, and has been accepted and *859 approved by the JCC, the claim or defense is properly at issue in a workers' compensation proceeding. McCabe v. Bechtel Power Corporation, 645 So.2d 1065 (Fla. 1st DCA 1994). Here, the pretrial stipulation stating the defense of "lack of good faith job search" was accepted and approved by the JCC and thus, the defense was an issue although not stated in the notices of denial. The JCC erred in denying the E/C the opportunity to maintain this defense.
Turning to the issues on cross-appeal, we note that the JCC found that the claimant reached MMI on November 13, 1992. We agree with the claimant cross-appellant that there is no competent substantial evidence to support this finding. The question of whether a claimant has reached MMI is essentially a medical question and should not be confused with the question of when a claimant is able to return to work in some capacity, which is a mixed question involving medical and other evidence, including the claimant's own testimony. Shop & Go, Inc. v. Hart, 537 So.2d 667 (Fla. 1st DCA 1989) Further, the determination that MMI has been achieved should ordinarily be based upon a clear, explicit expression of that fact set forth in medical records or medical opinion testimony. Espinal v. Victor Herrera Drywall Stockers, Inc., 610 So.2d 660 (Fla. 1st DCA 1992). In the instant case, the JCC determined the MMI date based upon his own review of the medical records, finding that the claimant did not receive any significant medical treatment after November 13, 1992. In our view, this determination does not comport with the legal definition of MMI. Dr. Litinsky, the treating physician, clearly stated in the record that the claimant had reached MMI on March 2, 1993. The JCC's determination as to the MMI date is in direct conflict with Dr. Litinsky's testimony and is not supported by competent substantial evidence. Workman v. McDonnell Douglas Corp., 590 So.2d 1035 (Fla. 1st DCA 1991).
The second issue on cross-appeal involves the date to be used in determining the assessment of penalties. If an employer fails to pay compensation benefits when due, it is mandatory that a 10% penalty be assessed. § 440.20(7), Florida Statutes. The penalty can be excused only if a timely and appropriate notice of denial has been filed. City of Miami v. Bell, 606 So.2d 1183 (Fla. 1st DCA 1992). Section 440.20(6), Fla.Stat. (1993) provides in pertinent part that:
If the employer or carrier initially controverts the right to compensation, it shall file with the division, on or before the 21st day after it has knowledge of the alleged injury or death, a notice, on a form and in a manner prescribed by the division....
To determine compliance with the 21-day requirement the JCC must look to the dates on which the notices of denial were filed with the Division, not the dates the notices to controvert were sent to the Division. At the final hearing, claimant's counsel advised the JCC that copies of the notices of denial with the filing dates had been requested from the Division but had not yet arrived. Claimant's counsel made a request to substitute the Division's copies with the filing dates thereon, when received, for the ones entered into evidence, which did not contain the filing dates, so that the JCC could properly assess any penalties due for late filing. Claimant's counsel filed the Division's copies with the JCC on October 25, 1993, three days before the JCC's final order was rendered. However, the JCC did not use the filing dates in determining whether the E/C was subject to penalties.
The filing dates of the notices of denial should have been used to properly assess the penalties for failure to pay compensation benefits when due pursuant to section 440.20(7). The use of dates other than the dates of filing with the Division for the determination of the penalties is contrary to the statutory provisions providing for the 10% penalty. We therefore find that the JCC erred in determining penalties based upon the date the notices were sent to the division, rather than the date the notices were filed with the division.
For the foregoing reasons, the order on appeal dated October 28, 1993, as amended April 27, 1995, is REVERSED in part and AFFIRMED in part as to the main appeal; the order is REVERSED as to the issues on *860 cross-appeal, and the cause is REMANDED for further proceedings.
KAHN and DAVIS, JJ., concur.
NOTES
[1] On appeal from a final order entered on October 28, 1993, by Judge Goodman, this court entered an order remanding the case to the JCC for a ruling solely on the issue of percentage of claimant's permanent physical impairment. The present appeal is from the original order entered by Goodman, as supplemented by Judge Jacobson's order on remand entered on April 27, 1995.