PER CURIAM.
Claimant, Arron Lemmer, seeks review of an order of the judge of compensation claims (“JCC”) in which the JCC denied each of his claims for benefits. On appeal, claimant raises five issues, only three of which merit discussion. In his first issue, claimant argues that the JCC’s finding that he reached overall maximum medical improvement (“MMI”) is not supported by competent, substantial evidence. In his second issue, claimant challenges the JCC’s denial of his claim for temporary partial disability (“TPD”) benefits. In his fifth issue, claimant contends that the JCC erred in denying his claim for attorney’s fees, costs, interest, and penalties. For the reasons expressed herein, we reverse the JCC’s order and remand for further proceedings.
*1198 Claimant was injured in a compensable car accident on January 14, 2003, while working for the employer, Urban Electrical, Inc., as an electrician. Claimant sought, among other things, TPD benefits for the periods between June 17, 2004, and September 6, 2004, and December 13, 2004, through August 9, 2005.* Another issue to be decided by the JCC was the correct determination of MMI. In the Final Merit Order, the JCC accepted Dr. Desai’s MMI date of February 25, 2004. It is undisputed that Dr. Desai, an orthopedic surgeon, treated claimant for his compensable right knee injury. With respect to when claimant reached MMI for his compensable back condition, the JCC noted that claimant had not sought any remedial care for his back, that he had not returned to see his authorized treating physician since March 7, 2005, and that “[o]ne can only assume the claimant’s condition was fairly stable, that he had neither the inclination nor the need for remedial care during that time, and had for a prolonged period of time had reached MMI.”
With regard to claimant’s entitlement to TPD benefits, the JCC determined that claimant failed to establish the requisite causal connection between his wage loss and his injuries and denied the claim. In support of this ruling, the JCC found in part, “For the last 1 1/2 to 2 years of his treatment, Dr. Cohen did not document any work restrictions.” The JCC also found, “There was no testimony that the claimant had been fired or laid off due to his inability to perform the job, or that the claimant had been forced to decrease hours or leave work early during the time periods in question.” The JCC also denied claimant’s claim for attorney’s fees, costs, interest, and penalties. This appeal followed.
As to the JCC’s MMI determination, claimant acknowledges that his orthopedic surgeon placed him at MMI for his right knee condition on February 25, 2004. He argues, however, that the JCC’s determination that he reached overall MMI is not supported by competent, substantial evidence. We agree.
MMI constitutes “the date after which further recovery from, or lasting improvement to, an injury or disease can no longer reasonably be anticipated, based upon reasonable medical probability.” § 440.02(10), Fla. Stat. (2002). A finding of MMI is precluded where treatment is being provided with a reasonable expectation that it will bring about some degree of recovery, even if treatment ultimately proves ineffective. Rolle v. Picadilly Cafeteria, 573 So.2d 94, 97 (Fla. 1st DCA 1991). The question of whether a claimant has reached MMI is a medical question and should be based on a clear, explicit expression in the medical records or medical opinion testimony. Kilboume & Sons v. Kilboume, 677 So.2d 855, 859 (Fla. 1st DCA 1995). Because the question of whether a claimant has reached MMI is essentially a medical question, it should be answered by medical experts. Scotty’s, Inc. v. Sarandrea, 645 So.2d 121, 122 (Fla. 1st DCA 1994).
Here, the JCC made an assumption based upon his review of the medical evidence that claimant “had for a prolonged period of time had reached MMI” for his back condition. This was error. See Kilbourne, 677 So.2d at 859 (holding that the JCC’s determination of MMI, which was *1199 based on his own review of the medical records, did not comport with the legal definition of MMI). Therefore, we reverse the order as to this finding.
Turning to claimant’s second argument, that the JCC erred in ruling that he was not entitled to TPD benefits, claimant is correct that two of the JCC’s findings in support of his ruling are erroneous. While the JCC found that Dr. Cohen had not documented any work restrictions for the last 1 1/2 to 2 years of his treatment, Dr. Cohen’s medical reports, which were admitted into evidence, showed that claimant’s work restrictions were continued at least through June 29, 2004, which was during the first claimed TPD period. The JCC also found there was no testimony that claimant had been fired or laid off due to his inability to perform his job. Yet, claimant testified during his deposition that he was fired from his job at Ken Electric, a subsequent employer, on December 13, 2004, because his back pain kept him from performing his duties in a timely matter. This testimony, which the JCC did not expressly reject, was undisputed. Given these two erroneous findings, which the JCC relied upon in denying claimant’s TPD claim, we reverse the order as to the TPD denial and remand the case with instructions that the JCC reconsider the evidence. See Stanifer v. Lynne Precast, Inc., 695 So.2d 786, 786 (Fla. 1st DCA 1997) (reversing because it appeared that the JCC may have overlooked or ignored critical evidence and remanding for the JCC to reconsider his erroneous findings and the evidence he overlooked). Due to our disposition with respect to the JCC’s MMI determination and denial of claimant’s TPD claim, we also reverse the order as to the denial of attorney’s fees, costs, interest, and penalties as that issue may need to be readdressed on remand.
REVERSED and REMANDED for further proceedings.
ALLEN, PADOVANO, and LEWIS, JJ., concur.

 Notably, the carrier’s claim specialist testified during his deposition that the employer/carrier (''E/C”) paid claimant TPD benefits from September 25, 2003, through June 16, 2004. The benefits were stopped because, according to the specialist, claimant reached overall MMI in February 2004.