HAWKES, J.
The Employer/Carrier appeal the JCC’s final order, which found the E/C failed to *1267 provide Claimant with notice of his rights under Florida’s workers’ compensation law. Based on this finding, the JCC concluded the E/C was estopped from asserting the statute of limitation defense.
On appeal, the E/C argue the JCC abused her discretion by denying them the opportunity to depose Claimant’s counsel to determine whether counsel informed Claimant of the applicable statute of limitations, thereby providing Claimant with actual knowledge. We agree. Accordingly, we reverse and remand for additional proceedings.
It is well-established that no privilege attaches to attorney-client communications consisting of non-privileged information or the attorney’s recitation of statutory language. See Kilbourne & Sons v. Kilbourne, 677 So.2d 855 (Fla. 1st DCA 1995) (finding non-privileged attorney communication to client reciting statutory language and advising of statutory work search requirements); Watkins v. State, 516 So.2d 1043 (Fla. 1st DCA 1987) (finding non-privileged attorney’s testimony regarding advising client of trial dates).
An attorney’s communication of the applicable statute of limitation to a client is mere recitation of statutory language. Consequently, it is not privileged. The E/C’s case depended on presenting evidence showing Claimant had actual knowledge of the applicable statute of limitation. Because the information sought was not privileged, there is no reason to prevent the E/C from obtaining this evidence and presenting it to the JCC. Such evidence was crucial to a correct resolution of the case. In fact, it may be dispositive as to this issue. The JCC abused her discretion by preventing the E/C from questioning Claimant’s attorney to obtain this information.
The final order is REVERSED and the case REMANDED for proceedings consistent with this opinion.
BARFIELD and WOLF, JJ., concur.