THOMAS, J.
 

 Claimant challenges the order of the Judge of Compensation Claims (JCC) denying supplemental income benefits because of his failure to perform a required job search. Claimant argues the JCC erred by concluding that he had the burden of proving that the Employer/Carrier (E/C) failed to send an informative letter advising him of his obligation to perform a job search to establish entitlement to supplemental income benefits, and by not excusing the job search requirement. Because we conclude that Claimant had the burden of establishing his entitlement to supplemental income benefits, and further because Claimant failed to introduce into evidence his alleged non-receipt of the mandatory informational letter, we affirm.
 

 Background
 

 Claimant suffered a compensable injury on March 6, 2003, which resulted in a 24% permanent impairment rating. Claimant filed petitions for benefits seeking supplemental income benefits (a form of wage loss benefit payable to injured workers who,
 
 inter alia,
 
 sustain a permanent impairment of 20% or greater).
 
 See
 
 § 440.15(3)(a)-(d), Fla. Stat. (2002). At the hearing, Claimant established that as a result of his compensable injuries, he was unable to perform the duties of his former employment, and further established that he was unemployed and had not earned money after being discharged from his employment. After the close of evidence, Claimant’s counsel stated that the E/C had failed to send Claimant a mandatory informational letter advising him of the job search requirements, and argued that this should waive the job search requirement. The JCC, although finding Claimant suffered a 24% permanent impairment and sustained injuries which prevented Claimant from performing his prior job, denied supplemental benefits because Claimant failed to demonstrate a good faith job search, as required by section 440.15(3)(b)l.c., Florida Statutes (2002).
 

 Claimant filed a motion for rehearing, alleging he was not required to prove a good faith job search because the E/C
 
 *73
 
 failed to send an informative letter advising him of the job search obligation under the Florida Administrative Code. On rehearing, the JCC indicated that the record evidence was silent as to whether or not the letter was sent, and although it was a “close call,” she concluded that Claimant had the burden of raising the issue and introducing some evidence as to the E/C’s failure to send the required letter.
 

 Analysis
 

 On appeal, Claimant does not challenge the JCC’s findings of fact or otherwise state that the evidence established whether the informational letter advising Claimant of his required job search obligation was sent; rather, Claimant argues that the E/C bore the burden of proving it sent the letter. This court has held that in the context of wage loss benefits — a similar but statutorily separate form of benefits which was removed from the Workers’ Compensation Law on January 1, 1994,
 
 see
 
 chapter 93-415, section 20, at 124-27, Laws of Florida — where an employee’s actual knowledge of a job search is at issue, the carrier bears the burden of proving the employee’s knowledge of the job search requirements.
 
 See, e.g., Sanchez v. Howard Johnson,
 
 661 So.2d 379 (Fla. 1st DCA 1995). We have yet to address, however, the burden of persuasion concerning the notice requirements pertaining to an employee’s entitlement to supplemental income benefits pursuant to section 440.15(3)(b), Florida Statutes (2002).
 

 Significantly, this court’s precedent relating to the burden of persuasion pertaining to wage loss benefits is founded on statutory language which the Legislature has since repealed. Prior to January 1, 1994, the wage loss statute provided, in relevant part:
 

 Failure of an employee to timely request benefits and file the appropriate job search forms showing that he looked for a minimum of 5 jobs in each biweekly period (unless a[JCC] determines fewer job searches are justified due to the availability of suitable employment) after the employee has knowledge that a job search is required, whether he has been advised by the employer, carrier, servicing agent, or his attorney, shall result in benefits not being payable during the time that the employee fails to timely file his request for wage loss and the job search reports.
 

 § 440.15(3)(b)2., Fla. Stat. (Supp.1990). The plain text of this now-repealed statute established an affirmative defense which conditioned that an e/c’s right to deny benefits was based on the claimant’s failure to timely request benefits and file job search forms, upon a predicate showing that the claimant'had knowledge of the job search requirement. Accordingly, based on the statutory language, this court concluded that the E/C bore the burden of proving Claimant’s knowledge of the job search requirement.
 
 See Kilbourne & Sons v. Kilbourne,
 
 677 So.2d 855, 858 (Fla. 1st DCA 1995);
 
 see also Marburg v. Holiday Inn,
 
 660 So.2d 799, 800 (Fla. 1st DCA 1995).
 

 The statutory provision at issue here relates to supplemental income benefits. § 440.15(3)(b), Fla. Stat. (2002). It contains no language to suggest that an e/c carries the burden of proving a claimant’s knowledge of a job search requirement.
 
 See id.
 
 Instead, it sets forth the three elements necessary to establish entitlement to the benefits: a permanent impairment rating of 20% or greater; the employee has not returned to work, or has returned to work but earns less than 80% of his average weekly wage; and the employee has in good faith attempted to obtain employment commensurate with his ability to work.
 
 Id.
 
 As a rule, the burden of persuasion is with the party who initi
 
 *74
 
 ates the proceeding, and remains with that party to establish the material elements of recovery.
 
 Smith’s Bakery, Inc. v. Jernigan,
 
 134 So.2d 519 (Fla. 1st DCA 1961). Moreover, this court has held on numerous occasions that a claimant has the burden of proving his entitlement to the benefits claimed.
 
 See, e.g., Fitzgerald v. Osceola County Sch. Bd.,
 
 974 So.2d 1161, 1164 (Fla. 1st DCA 2008).
 

 Claimant correctly points out that rule 69L-3.0193(2)(a), Florida Administrative Code, requires an e/c to send the employee a letter advising him of the job search obligation. Although mailing the informational letter is mandatory, and failure to mail the letter results in an automatic payment of benefits excusing a job search for the period where the e/c fails to provide notification, nothing in the rule suggests that the e/c must
 
 prove
 
 it sent the letter; rather, the rule indicates that an e/c’s failure to provide the information is in the nature of an exception to, or avoidance of, the statutorily required job search:
 

 If the Carrier has knowledge that the employee is eligible for supplemental income impairment benefits and fails to timely provide the employee with written notification and forms as required by this rule, the Carrier shall pay supplemental income impairment benefits for all months for which the employee was not provided the form. Payment shall be computed as if the employee had $0 earnings. The Carrier may later obtain repayment of any overpayment in accordance with paragraph (3)(d) of this rule and pursuant to s. 440.15(13), F.S.
 

 Rule 69L-3.0193(2)(b), Fla. Admin. Code (emphasis added). The party seeking to obtain the benefit of an exception to a statute bears the burden of persuasion.
 
 See generally Robbins v. Webb’s Cut Rate Drug Co.,
 
 153 Fla. 822, 16 So.2d 121, 123 (1943) (“It is incumbent on those relying on an act for protection to bring themselves within the specifications laid down .... ”);
 
 see also Palmer v. McKesson Corp.,
 
 7 So.3d 561 (Fla. 1st DCA 2009) (holding claimant seeking to avoid or establish exception to statute of limitations in workers’ compensation proceeding bears burden of proving exception).
 

 Although we do not suggest that employers or carriers are free to disregard their statutory obligations and duties, such as sending the informational letter required here, it does not follow that an e/c bears the burden of persuasion once the matter proceeds to litigation. Where the statute and rules establish an exception to, or avoidance of, a statutory requirement, the burden of persuasion is with the party seeking to obtain the benefit of proving the elements of the exception. Here, because Claimant sought the benefit which would result from the E/C’s failure to send the required informational letter, and further, because the Legislature has ascribed to neither party the burden of persuasion on the issue, Claimant bore the burden of raising and establishing this exception.
 

 Notably, this appeal could have been avoided by a single question posed by Claimant’s counsel: Did you receive the letter? Because Claimant failed to introduce any evidence establishing that the E/C never sent, or he never received, the informational letter required by rule, the JCC’s denial of supplemental benefits is AFFIRMED.
 

 WOLF and WEBSTER, JJ„ concur.