MARSTILLER, J.
Amable J. Moya (“Claimant”) appeals a summary final order denying his Petition for Benefits (“PFB”) seeking authorization for an MRI of his right shoulder. Because Claimant failed to demonstrate existence of a material factual dispute, we affirm the order.
On the date of the accident, Claimant worked as a dismantler in the Employer’s salvage department, taking apart and removing equipment from trucks. Claimant filed a PFB seeking medical treatment for asserted repetitive trauma. The Judge of Compensation Claims (“JCC”) rejected Claimant’s request for benefits, finding that
the most reasonable interpretation of the medical evidence is that, as of September 19, 2005, Claimant suffered from pre-existing cervical and shoulder problems, in addition to carpal tunnel syndrome. The work-related activities that Claimant engaged in on September 19, 2005 caused temporary aggravations of his cervical and shoulder conditions. This same activity caused a flare-up of Claimant’s bilateral carpal tunnel. He reached MMI as of October 24, 2006 for the aggravations of his cervical and shoulder conditions. No further treatment is necessary for these complaints.
The JCC did approve, however, treatment for Claimant’s bilateral carpal tunnel syndrome. Claimant did not appeal the portion of the January 30, 2009, order denying his PFB as to the cervical and shoulder conditions.
On December 27, 2012, Claimant filed a PFB seeking “authorization/set-up of an appt. for an MRI of the right shoulder pursuant to the attached recommendation from Dr. Aird the authorized physician.” Attached to the PFB was a September 7, 2012, office note by Dr. Aird stating, in full:
Amable has been experiencing pain in both wrists and numbness of both hands. He also complains of pain in both shoulders worse in the right.
*721 On examination active range of motion of both shoulders was full. Grip strength in the right hand was 57 pounds per square inch and in the left hand 68 per square inch with the Jamar Dynamome-ter in the third position.
PLAN: The patient was scheduled for an MRI of the right shoulder and will be seen again for follow-up care in one month.
The Employer/Carrier (“E/C”) filed a response denying the request for an MRI and stating:
[T]he JCC ruled in her Order of 1/30/09 that the injured employee had reached MMI with regard to his shoulder complaints and that no further treatment was needed. Dr.. Aird is only authorized to treat injured employee’s bilateral carpal tunnel complaints.
The E/C subsequently filed a motion for summary final order, asserting, based on the January 30, 2009, order, that res judi-cata prohibited re-litigation of the issue of Claimant’s need for treatment for his right shoulder. Claimant timely filed a response to the E/C’s motion, stating only that Dr. Aird, his authorized treating physician, had written a prescription for the MRI, that “Claimant is setting the deposition of Dr. Aird,” and that “This issue is not appropriate for a Summary Final Order.” Claimant made no further factual allegations, and submitted no supporting affidavits or other documents. The JCC entered an order the next day granting the motion for summary final order. Therein, the JCC noted, “The mere fact that Dr. Aird has recently recommended that Claimant undergo an MRI of his right shoulder does not negate the validity of the undersigned’s findings relative to Claimant[’s] need for further treatment due to his industrial accident.”
We consider de novo whether disposition by summary final order was appropriate here. See Thomas v. Eckerd Drugs, 987 So.2d 1262, 1263 (Fla. 1st DCA 2008). In workers’ compensation proceedings, Florida Administrative Code Rule 60Q-6.120 permits any party to file a motion for summary final order when there are no material factual disputes, and directs the opposing party to “file a response to a motion for summary final order together with supporting depositions, affidavits, and/or other documents within 30 days after service of the motion[.]” Fla. Admin. Code R. 60Q-6.120(2), (3). A JCC “shall” enter a summary final order if she or he “determines from the pleadings and depositions, together with affidavits, if any, that no genuine issue as to any material fact exists and that the moving party is entitled as a matter of law to the entry of a final order.” Fla. Admin. Code R. 60Q-6.120(2). Such an order is appropriate when it “would be dispositive of the issues raised by the [PFB]. Issues that would be dispositive include ... whether the claim is barred by res judicata[.]” Fla. Admin.Code R. 60Q-6.120(1).
The E/C’s motion for summary final order averred that the JCC’s January 30, 2009, order deemed Claimant at MMI and in need of no further treatment for the shoulder conditions for which he now seeks an MRI. Therefore, the E/C argued, res judicata bars Claimant’s current claim. Claimant’s response to the motion asserted only that his authorized treating physician had written a prescription for the MRI, and that the issue “is not appropriate for” disposition by summary order. Aside from the office note filed with the PFB, Claimant submitted no affidavits, depositions, or other evidence to substantiate a material issue of fact that would preclude application of res judicata to his claim. Instead, he merely suggested the existence of such facts, providing no supporting evidence as required by rule 60Q-6.120(3), and represented that Dr. Aird’s deposition *722 would be set, but giving no date or time-frame, and seeking no extension of time. See Fla. Admin. Code R. 60Q-6.120(3) (providing that the JCC shall grant party opposing motion for summary final order an extension for good cause).
We conclude the JCC appropriately entered a summary final order because Claimant failed to demonstrate a material factual issue precluding application of res judicata based on the January 2009 order. The JCC determined in 2009 that Claimant did not suffer a repetitive trauma injury to his shoulders, but that Claimant temporarily aggravated pre-existing shoulder conditions, had reached MMI, and needed no further treatment. Even assuming, as Claimant argues, the MRI was for diagnostic purposes, the only document he submitted with the PFB — Dr. Aird’s office note, recounted in full above — is not sufficient to demonstrate the existence of some new fact(s) inconsistent with the JCC’s 2009 findings.
AFFIRMED.
THOMAS and MAKAR, JJ., concur.