PER CURIAM.
In this workers’ compensation proceeding, Claimant argues that the Judge of Compensation Claims (JCC) erred in granting the Employer/Carrier’s (E/C’s) motion for summary final order. For the following reasons, we agree.
The workers’ compensation rules of procedure, found in the Florida Administrative Code, provide that “[a] summary final order shall be rendered if the judge determines from the pleadings and depositions, together with affidavits, if any, that no genuine issue as to any material fact exists and that the moving party is entitled as a matter of law to the entry of a final order.” Fla. Admin. Code R. 60Q-6.120(2). The moving party bears the burden to prove that no material factual dispute exists. See Auto-Owners Ins. Co. v. Young, 978 So.2d 850, 852 (Fla. 1st DCA 2008). Our review of an order granting such a motion is de novo. See Moya v. Trucks & Parts of Tampa, Inc., 130 So.3d 719, 721 (Fla. 1st DCA 2013).
This litigation began when Claimant filed a petition for benefits seeking payment of impairment income benefits at the correct rate. Section 440.15(3)(c), Florida Statutes (2013), provides:
Impairment income benefits are paid biweekly at the rate of 75 percent of the employee’s average weekly temporary total disability benefit not to exceed the maximum weekly benefits under s. 440.12; provided, however, that such *135 benefits shall be reduced by 50 percent for each week in which the employee has earned income equal to or in excess of the employee’s average weekly wage.
The E/C responded to the petition, asserting that it initiated payment of impairment income benefits at the rate of $268.54 per week effective March 10, 2014, the date Claimant reached maximum medical improvement. On that basis, the E/C filed a motion for summary final order, alleging there was no genuine issue as to any material fact in regards to Claimant’s claim for payment of impairment income benefits and the claim for the same should be summarily denied. Following a hearing on the E/C’s motion, the JCC agreed there was no genuine issue as to any material fact and that Claimant’s post-maximum medical improvement income was at least equal to his average weekly wage.
Impairment income benefits are paid at one of two possible rates — either 75% of a claimant’s compensation rate (“average weekly temporary total disability benefit”) or, alternatively, where it is established that “the employee has earned income equal to or in excess” of his or her average weekly wage, such benefits are reduced by 50%. The determining factor is whether a claimant is earning 100% of his or her average weekly wage. Logic dictates that here the E/C was required to offer evidence of two values in order to make the necessary comparison — the average weekly wage and the amount Claimant earned on a weekly basis during the weeks he was entitled to impairment income benefits.
A review of the evidence submitted to the JCC reveals that neither number was established or proven. Consequently, it cannot be said that “the facts are so crystallized that nothing remains but questions of law.” Thomas v. Eckerd Drugs, 987 So.2d 1262, 1263 (Fla. 1st DCA 2008). The JCC erred in granting the E/C’s motion for summary final order. Accordingly, this matter is REVERSED and REMANDED for further proceedings.
LEWIS, C.J., MARSTILLER and RAY, JJ., concur..