# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2024-2883
_____

ROBERT GORDON DEWALD,

    Appellant,

    v.

SCHOOL DISTRICT OF MANATEE
COUNTY and JOHNS EASTERN
COMPANY, INC.,

    Appellees.

_____


On appeal from the Office of the Judges of Compensation Claims.
Erik B. Grindal, Judge of Compensation Claims.

Date of Accident: September 12, 2023


August 13, 2025

TREADWELL, J.

In this appeal of a summary final order denying Appellant's petition for medical benefits, Appellant argues that the Judge of Compensation Claims (JCC) applied the incorrect standard. Specifically, Appellant takes issue with the JCC's statements in the summary final order that the JCC "weighed all of the evidence" and "attempted to resolve all conflicts in the testimony and evidence." In response, Appellees recognize how the JCC's statements would be improper under the summary final order standard, but they contend that the JCC did not actually weigh or

resolve conflicts in the evidence. Instead, the JCC concluded that Appellant failed to present *any* evidence that his alleged need for medical benefits was work-related. We review *de novo* a JCC's grant of a summary final order. *Box v. Tallahassee Fire Dept.*, 160 So. 3d 133, 134 (Fla. 1st DCA 2015).

The summary final order standard is construed and applied in the same manner as the state and federal summary judgment standard. Fla. Admin. Code R. 60Q-6.120(6); Fla. R. Civ. P. 1.510(a). Under that standard, a summary final order shall be rendered if the JCC determines that no genuine issue as to any material fact exists and the moving party is legally entitled to the entry of a final order. Fla. Admin. Code R. 60Q-6.120(2). One of the principal purposes of summary adjudication "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Thus, "a complete failure of proof concerning an essential element of the nonmoving party's case" necessarily entitles the moving party to a judgment as a matter of law. *Id.*

This Court has repeatedly held that a claimant bears the burden of proving his entitlement to workers' compensation benefits. *Meneses v. City Furniture*, 34 So. 3d 71, 74 (Fla. 1st DCA 2010). Here, Appellant offered no evidence to demonstrate that his alleged need for pain management was the result of a work-related injury. Appellees, on the other hand, submitted a medical report by the authorized treating physician who noted that Appellant's treatment should be covered "by his personal insurance" and was "not work related." Appellant did not dispute this medical evidence with any contrary evidence of any kind. "[W]ithout 'any significant probative evidence tending to support'" the alleged work-related nature of his injury, Appellant's petition cannot survive a properly supported motion for summary final order. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 290 (1968)).

Nor can Appellant's petition survive a motion for summary final order by his suggestion that the physician's potential deposition, if taken, could present a genuine issue of material fact. As this Court has previously held, the mere suggestion of the existence of material facts and the intention to depose a medical

provider to potentially create a genuine dispute are insufficient to preclude the issuance of a summary final order. *Moya v. Trucks & Parts of Tampa, Inc.*, 130 So. 3d 719, 722 (Fla. 1st DCA 2013). Here, Appellant never noticed the physician's deposition and never sought an extension of time to take any deposition. Appellant did not even utilize the allowable 30 days before responding to the motion for summary final order. Fla. Admin. Code R. 60Q-6.120(3). He instead responded to the motion the very next day. On this record, we are unpersuaded that Appellant should receive another attempt at discovery.

Similarly, Appellant's petition cannot survive a motion for summary final order based on his argument that a genuine dispute exists on whether Appellees waived the right to deny compensability. *See* § 440.20(4), Fla. Stat. (requiring a carrier to deny a claim within 120 days after an initial provision of benefits or else the carrier waives the right to deny compensability). Once again, Appellant did not submit evidence to demonstrate that Appellees waived this right, therefore summary adjudication could not be withheld on this basis, either. *See Great Lakes Ins. SE v. Wave Cruiser LLC*, 36 F.4th 1346, 1357 (11th Cir. 2022) (quoting *Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994)) ("'Where, as here, the non-moving party bears the burden of proof on an issue at trial, the moving party' may prevail on summary judgment by 'show[ing] that the non-moving party has no evidence to support its case.'"). Even on appeal, Appellant points to no record evidence establishing the facts necessary to support his waiver argument. *See Teco Energy, Inc. v. Williams*, 234 So. 3d 816, 822 (Fla. 1st DCA 2017) (listing the required facts).

In sum, although the JCC's order contained statements that were inconsistent with the JCC's proper role at the summary final order stage, the JCC ultimately applied the correct standard in view of his conclusion that Appellant provided no evidence to contest the motion. Accordingly, we affirm the JCC's grant of summary final order.

AFFIRMED.

RAY and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Bradley Guy Smith and Nicolette Emerald Tsambis of Smith, Feddeler, Smith, P.A., Lakeland, for Appellant.

Tracey J. Hyde of McConnaughhay, Coonrod, Weaver & Stern, P.A., Panama City, for Appellees.