SHIVERS, Chief Judge.
The employer/carrier (E/C) appeal workers’ compensation order finding claimant to be permanently, totally disabled (PTD). We remand for clarification because the Judge of Compensation Claims’ order appears to contain internal inconsistencies which preclude his ultimate finding of PTD. The judge found in paragraph 6 of his order that the work hardening program characterized by Dr. Bullock as remedial was in actuality palliative in nature since it would not serve to remedy the claimant’s back condition but would serve only to attempt to train him to cope with work. Further, in paragraph 7, the judge properly considered section 440.49(l)(c) and determined that, since vocational rehabilitation was not a reasonable probability, the statute was not triggered. Within that same paragraph, however, the judge found that “medical rehabilitation through work hardening” was both a “reasonable probability” and was in the claimant’s “best interest.” It is not clear from the order what the judge intended in distinguishing vocational rehab from medical rehab. This seems to be a contradiction of his finding in paragraph 6 that the work hardening program was designed only to train claimant *874 to cope with work and not to improve his back condition.
That being the case, the appellant correctly asserts that the judge has made two inconsistent findings: (1) that the work hardening program is indeed remedial in nature; and (2) that the claimant is PTD. Because of the apparent conflict in the order, we remand for clarification or modification.
REVERSED and REMANDED for clarification and/or modification.
JOANOS and MINER, JJ., concur.