WEBSTER, Judge.
In this workers’ compensation case, the employer and servicing agent seek review of an order awarding claimant permanent total disability benefits. They raise two issues: (1) whether the award is erroneous because the judge of compensation claims overlooked or ignored evidence that claimant had not yet reached maximum medical improvement; and (2) whether the award is irreconcilable with an order entered on the same day which directed that claimant submit to an orthopedic evaluation and “possible further workup.” We conclude that there is competent, substantial evidence in the record from which one might conclude that claimant was permanently and totally disabled. However, because we are unable to discern from the record the purpose of the order directing that claimant submit to an orthopedic evaluation and “possible further work-up,” we are constrained to reverse, and to remand for clarification.
It is not clear from the order directing that claimant submit to an orthopedic evaluation and “possible further work-up” whether the intended purpose was remedial, palliative or both. “The date of [maximum medical improvement] marks the point after which no further recovery or improvement from an injury or disease can be reasonably anticipated.” Kirkland v. Harold Pratt Paving, Inc., 518 So.2d 1320, 1323 (Fla. 1st DCA 1987), review denied, 525 So.2d 878 (Fla.1988). Accordingly, an order directing further medical evaluations or treatment with a remedial purpose in mind is logically inconsistent with a finding of maximum medical improvement. See Florida Structures, Inc. v. Morton, 443 So.2d 444 (Fla. 1st DCA 1984). However, “[p]alliative treatment for the relief of pain is awardable after a claimant has attained maximum medical improvement.” Baron Transport v. Riley, 491 So.2d 1220 (Fla. 1st DCA 1986). Accordingly, medical evaluations aimed at determining whether palliative treatment might be appropriate would not be inconsistent with a finding of maximum medical improvement. Because we are unable to divine from the record the intent behind the order directing that claimant submit to an orthopedic evaluation and *361 “possible further work-up,” we reverse, and remand with directions that the judge of compensation claims clarify his intent. E.g., Hewett v. Town of Mayo, 614 So.2d 598 (Fla. 1st DCA 1993); Gulf Life Ins. v. Mullaly, 566 So.2d 873 (Fla. 1st DCA 1990).
REVERSED and REMANDED, with directions.
MINER and DAVIS, JJ., concur.