686 So.2d 795 (1997)
ANDERSON & PADGETT SAWMILL and FTBA Self-Insurers' Fund, Appellants,
v.
Glen D. COLLINS, Appellee.
No. 96-702.
District Court of Appeal of Florida, First District.
January 27, 1997.
*796 Patrick J. Formelia of Boehn, Brown, Rigdon, Seacrest & Fischer, P.A., Orlando, for Appellants.
Bradley H. Hollingsworth of Meyers, Mooney & Meyers, Orlando, for Appellee.
PER CURIAM.
Anderson & Padgett Sawmill and FTBA Self-Insurers' Fund, collectively the employer and its servicing agent (E/SA), appeal an order awarding certain disability benefits to appellee Collins (claimant). We reverse and remand the order as it relates to the award of permanent total disability (PTD) benefits, but otherwise affirm.
Claimant injured his back on October 16, 1991, while working for the employer. Following the hearing on claimant's petition for benefits, the judge of compensation claims (JCC) found that claimant had reached maximum medical improvement (MMI) on March 27, 1995, and awarded temporary total disability (TTD) benefits from April 27, 1992, through March 27, 1995, and PTD thereafter, based upon an adequate job search. The JCC also authorized an examination and treatment for claimant's suspected reflex sympathetic dystrophy.
The E/SA argues that claimant is not entitled to PTD benefits, because in the same order awarding PTD benefits, the JCC authorized further evaluation and medical treatment for suspected reflex sympathetic dystrophy, and, because such treatment involves remedial care, no finding of MMI can be made, and PTD cannot, therefore, be awarded. We are unable to determine from the record, however, whether the authorized care directed is remedial or palliative. If the care is deemed remedial, the award of PTD must be stricken, because claimant is not yet at MMI, and the award of any permanent disability benefits would, of course, be premature. If, however, the treatment is determined palliative, it would have no effect on an award of such benefits. Under the circumstances, we reverse the award of PTD benefits and remand the case with directions for the JCC to clarify the nature of the treatment. See Circle K Corp. v. Lackey, 637 So.2d 360 (Fla. 1st DCA 1994).
The E/SA alternatively argues, assuming the treatment is considered palliative, that PTD benefits should not have been awarded because the MMI date which the JCC established was incorrect in that claimant was gainfully employed thereafter. Although we agree that there is medical evidence in the record supporting the JCC's finding that claimant meets the eligibility test for PTD benefits, i.e., that he is unable to perform light work uninterruptedly, we also agree that the evidence does not support the JCC's finding of PTD as of the MMI date of March 27, 1995, because the record discloses that claimant worked from June through August 1995. The rule is clear that if a claimant is capable of performing some gainful employment, even if only on a part-time basis, it is error to award PTD benefits. See Wal-Mart Stores, Inc. v. Liggon, 668 So.2d 259 (Fla. 1st DCA 1996); Arizona Chem. Corp. v. Hanlon, 605 So.2d 938 (Fla. 1st DCA 1992), review denied, 618 So.2d 208 (Fla.1993). Accordingly, the cause is remanded for establishment of a different MMI *797 date. See Webb-Owen Amoco v. Bryce, 636 So.2d 793 (Fla. 1st DCA 1994).
AFFIRMED in part, REVERSED in part, and REMANDED.
BARFIELD, C.J., and ERVIN and KAHN, JJ., concur.