765 So.2d 761 (2000)
James EMANUEL, Appellant,
v.
DAVID PIERCY PLUMBING and FCCI Mutual Insurance, Appellees.
No. 1D99-1122.
District Court of Appeal of Florida, First District.
June 26, 2000.
John P. Moneyham, Panama City; Bill McCabe, Longwood, for Appellant.
Mary L. Wakeman of McConnaughhay, Duffy, Coonrod, Pope & Weaver, P.A., Tallahassee, for Appellees.
ALLEN, J.
The claimant in this worker's compensation appeal challenges an order by which *762 he was denied permanent total disability benefits. Because the judge of compensation claims failed to recognize that the record in this case would support a permanent total award during a portion of the period for which such benefits were sought, we reverse the order in part and remand this case for the judge to reconsider the claim.
The claimant injured his right knee while working for the employer in June 1995, and has not worked since that industrial accident. He was treated by his authorized physician, Dr. Grace, an orthopedic surgeon. An MRI and arthroscopic surgery revealed a torn medial meniscus, contusion, and post-traumatic chondromalacia to the medial femoral condyle. The claimant's condition did not improve, and another arthroscopy was performed in late 1995. Dr. Grace later testified that the claimant reached maximum medical improvement on July 11, 1997, with a 14 percent permanent impairment of the whole body. The claimant continued to complain of pain and restricted extension and flexion in the right leg after that date, and an x-ray revealed post-traumatic degenerative arthritis. The condition of the claimant's knee deteriorated to the point that in August 1998 Dr. Grace recommended a total replacement to restore flexibility and reduce pain, and the doctor performed this procedure in October 1998. Dr. Grace opined that after four months of post-operative recovery from the corrective knee surgery the claimant should be able to work with restrictions.
A claim was made for permanent total disability benefits, and in a March 4, 1999, order the judge determined that the claimant was no longer totally disabled after his release to work on February 27, 1999. The judge therefore denied the permanent total claim for the period of time subsequent to that date. The judge found that the claimant was totally disabled from July 11, 1997, when Dr. Grace placed the claimant at maximum medical improvement, until February 27, 1999, when the doctor released the claimant to return to work after the knee surgery. But the judge denied the permanent total claim for this period of time, concluding that because the claimant's total disability ended on February 27, 1999, it could not have been permanent.
Despite finding that the claimant remained totally disabled after the doctor's assigned maximum medical improvement date of July 11, 1997, the judge denied permanent total disability benefits thereafter because he believed that the expiration of the claimant's total disability on February 27, 1999, upon his recovery from the knee replacement surgery, precluded any award of permanent total disability benefits. But once a claimant's medical condition has improved as much as is reasonably expected under available and recommended remedial treatments, the claimant may be considered to be at maximum medical improvement and entitled to permanent benefits for continuing disability even though it is anticipated that the claimant will likely become a candidate for additional remedial treatment at some time in the future. This principle was recognized in Holder v. Keller Kitchen Cabinets, 610 So.2d 1264 (Fla.1992), wherein a claimant was found to have reached maximum medical improvement and was awarded permanent disability benefits in connection with a knee injury even though it was anticipated that he would subsequently become a candidate for a total knee replacement.
The record in the present case would support a finding that as of July 11, 1997, the recommended remedial treatments had provided as much improvement of the claimant's condition as was then possible, and that the claimant then remained totally disabled. The judge could therefore have found that the appellant reached maximum medical improvement as of July 11, 1997, and the judge could have awarded permanent total disability benefits from that date, even though the claimant later became a candidate for a total knee replacement, *763 and even if such remedial treatment eventually restored the claimant's ability to work.
Because there is competent substantial evidence to support the finding that the claimant was no longer totally disabled as of February 27, 1999, the denial of permanent total disability benefits after that date is affirmed. But, because the judge incorrectly believed that an earlier permanent total disability award was not permissible, the denial of permanent total disability benefits from July 11, 1997, through February 27, 1999, and the denial of interest, costs, and attorney's fees are reversed, and this case is remanded for reconsideration of those claims.
ERVIN and DAVIS, JJ., CONCUR.