VAN NORTWICK, J.
 

 In this workers’ compensation appeal, Florida Transport 1982, Inc. and Associated Industries Insurance Company, Inc. (jointly, the employer/carrier), challenge the order of the Judge of Compensation Claims (JCC) on three grounds. The employer/carrier argues that: (1) the award of permanent total disability (PTD) benefits to Carlos Quintana, the claimant and appellee, was premature; (2) section 440.13, Florida Statutes, did not require the employer/carrier to provide claimant with the choice of two additional psychiatrists; and (3) there was no basis to award claimant penalties, interest, costs, and attorney’s fees. We agree and reverse on all three grounds.
 

 Background
 

 Claimant sustained a compensable chemical burn to his left foot. He received treatment for this injury, reached physical maximum medical improvement (MMI), and was paid 104 weeks of temporary benefits. Claimant developed psychiatric difficulties, however, and requested treatment. The employer/carrier authorized a psychiatrist to treat claimant. Claimant
 
 *390
 
 declined to attend the appointment and requested a list of three new psychiatrists.
 

 Both claimant and the employer/carrier obtained psychiatric independent medical exams. Both psychiatrists opined that claimant required treatment and was not at psychiatric MMI. Claimant’s expert, whose testimony was accepted by the JCC, testified that claimant was not capable of working from a psychiatric standpoint at the time of his exam, although he did anticipate improvement with treatment.
 

 The JCC, expressly relying on
 
 Emanuel v. David Piercy Plumbing,
 
 765 So.2d 761 (Fla. 1st DCA 2000), found claimant to be entitled to “temporary” PTD benefits. Although the parties offered conflicting vocational testimony as to the effect of claimant’s physical injury on his ability to work, the JCC made no findings in this regard; and based the PTD award solely on claimant’s psychiatric condition. The JCC also found that the employer/carrier authorized psychiatric treatment, but that claimant requested his one-time change in physician, and, based on section 440.13(2)(f), Florida Statutes, ruled claimant was entitled to choose from three unaffiliated physicians. Because the employer/carrier had offered only one, the JCC directed it to offer claimant two more physicians from whom to choose. Finally, the JCC awarded claimant penalties, interest, costs, and attorney’s fees.
 

 Permanent Total Disability
 

 An award of PTD benefits is generally deemed premature before an injured worker reaches MMI.
 
 See Anderson & Padgett Sawmill v. Collins,
 
 686 So.2d 795 (Fla. 1st DCA 1997). An exception was created, however, with the statutory amendments to sections 440.15(2) and (4), Florida Statutes, effective January 1, 1994.
 
 See
 
 Ch. 93-415, § 20, at 118, Laws of Fla. Pursuant to those amendments, if a claimant is not at overall MMI after receiving 104 weeks of temporary benefits, the claimant may nevertheless establish entitlement to PTD benefits by proving total disability due to an impairment “existing after the date of [MMI],” as a result of at least one of the claimant’s injuries.
 
 See City of Pensacola Firefighters v. Oswald,
 
 710 So.2d 95, 98 (Fla. 1st DCA 1998). In other words, a claimant can still prove entitlement to PTD before reaching overall MMI, if the claimant can prove he is PTD from one of his injuries standing alone.
 
 Id.
 
 at 100;
 
 see also McFarlane, Ferguson v. Whaley,
 
 641 So.2d 173 (Fla. 1st DCA 1994) (holding PTD award predicated solely on the claimant’s physical injuries would be affirmed despite the fact the claimant had not reached psychiatric MMI).
 

 Here, claimant had two medical conditions resulting from the April 2003 accident: a physical injury, for which medical MMI was reached, and a psychiatric injury, for which he was not at medical MMI. Claimant was at statutory MMI because he had received 104 weeks of temporary benefits. Thus, a claim for PTD based on claimant’s physical condition alone could be made. However, the JCC declined to address whether claimant was PTD based solely on his physical injuries. Instead, the JCC relied on
 
 Emanuel
 
 to award “temporary” PTD benefits based solely on claimant’s psychiatric condition.
 

 The JCC’s reliance on
 
 Emanuel
 
 to award temporary PTD benefits was error because
 
 Emanuel
 
 does not authorize temporary PTD benefits. In
 
 Emanuel,
 
 the claimant reached MMI from the only injury attributable to the accident, but was not able to sustain employment.
 
 See Emanuel,
 
 765 So.2d at 762. A year and a half later, he underwent a total knee replacement, and was subsequently released to return to work with restrictions.
 
 Id.
 
 In
 
 Emanuel,
 
 we held that, based on the undisputed record evidence, the JCC erred in
 
 *391
 
 not awarding PTD benefits from the date of MMI.
 
 Id.
 
 Accordingly, this court reversed the JCC’s denial of PTD benefits for the time period between MMI and the claimant’s release to return to work.
 
 Id.
 
 It should be emphasized that the award of PTD benefits for that time period in
 
 Emanuel
 
 was not a “temporary” award. Rather, it was based on the claimant’s PTD status post-MMI. Even though he was subsequently able to return to work after surgery, he met the statutory requirements for PTD benefits during the one and a half year time period.
 
 Id.
 
 at 762-763. Thus,
 
 Emanuel
 
 does not support the award of temporary benefits in the case before us.
 

 In addition, the JCC erred because the record contains no competent, substantial evidence to support the JCC’s award of PTD benefits based solely on claimant’s psychiatric condition.
 

 Psychiatric Treatment
 

 Section 440.13, Florida Statutes, sets out the procedure to be used by the employer/earrier in authorizing medical providers. Because the statute is procedural, and the request was made in early 2006, the 2005 version of section 440.13, Florida Statutes, controls.
 
 See Butler v. Bay Center/Chubb Ins. Co.,
 
 947 So.2d 570, 572 (Fla. 1st DCA 2006) (procedural changes apply without regard to the date of accident).
 

 Section 440.13(2)(f), Florida Statutes (2005), allows a claimant to make one change in his treating physician during the course of treatment for an accident. The carrier is to authorize an alternative physician who is not professionally affiliated with the prior treating physician. However, “[ujnder the 2005 version of the workers’ compensation law, the employer/carrier is no longer statutorily required to provide a claimant with the choice of three physicians.”
 
 Butler,
 
 947 So.2d at 573. To be entitled to a change in physician, claimant must first avail himself of the treatment authorized.
 
 Id.
 
 (holding “the procedural right to request a onetime ‘change of physician during the course of treatment’ does not attach” until claimant actually begins treatment with the initially authorized physician).
 

 Here, claimant was not entitled to a onetime change in treating physician until he received treatment from the physician authorized by the employer/carrier. Should he then choose to seek a change, he will not be entitled to select from a list of three. The JCC erred in directing the employer/carrier to provide claimant with two additional psychiatrists from whom to select a treating physician.
 

 Conclusion
 

 Because the JCC failed to make any findings as to whether claimant was PTD from his physical injuries alone, and the JCC’s award of PTD benefits based on claimant’s psychiatric condition alone was not supported by competent, substantial evidence, the JCC erred in awarding PTD benefits. The JCC also erred by directing the employer/carrier to provide additional psychiatrists from whom claimant could select. Because the basis for the award of penalties, interest, costs, and attorney’s fees is premised on the award of the above benefits, this award was likewise error.
 

 REVERSED and REMANDED for proceedings consistent -with this opinion.
 

 WEBSTER and THOMAS, JJ., concur.