BENTON, J.
 

 Miami-Dade County appeals an order of the judge of compensation claims finding the County responsible for workers’ compensation benefits on account of William A. Davis’s heart disease, on the purported authority of section 112.18(1), Florida Statutes (2001). On the facts of the present case, which include the undisputed diagnosis of heart disease at the time of a preem-ployment physical, the judge of compensation claims erred in ruling Mr. Davis’s preexisting heart disease compensable. The statute gave rise to no presumption of compensability and, without the presumption, the facts rule out industrial causation. Accordingly, we reverse the summary final order.
 

 When a firefighter suffers a “condition or impairment of health ... caused by ... heart disease ... resulting in total or partial disability,” the firefighter’s heart disease is deemed a compensable occupational disease, unless the employer is able to rebut the statutory presumption of com-pensability. But the presumption only arises if the firefighter has “successfully passed a physical examination upon entering into any such service as a firefighter ... which examination failed to reveal any evidence of any such condition.” § 112.18(1), Fla. Stat. (2001).
 
 See City of Mary Esther v. McArtor,
 
 902 So.2d 942, 943 (Fla. 1st DCA 2005) (“Coronary artery disease is an occupational illness when suffered by a firefighter meeting the requirements of section 112.18(1).”);
 
 Sledge v. City of Fort Lauderdale,
 
 497 So.2d 1231, 1233 (Fla. 1st DCA 1986) (“Although heart disease is not ordinarily compensable as an occupational disease, the Florida Legislature has enacted section 112.18(1) ..., which establishes a statutory presumption that heart disease suffered by a fireman is connected with the exertions of his work so long as the fireman passes a preemployment physical examination
 
 without evidence of such disease.”
 
 (emphasis supplied, citation omitted)). The presumption did not arise here.
 

 Facts Not In Dispute
 

 Mr. Davis first worked as a firefighter with the City of Gainesville on November 6, 1972. Although the factual record concerning the scope of a certification examination earlier the same year is unclear to non-existent, the judge of compensation claims found that Mr. Davis passed such a physical, which failed to reveal any evidence of heart disease, before he began work with the City of Gainesville. For
 
 *15
 
 purposes of decision, we accept this finding of fact. We also assume for purposes of decision that, during the course of his service with the City of Gainesville, he developed heart disease. Eventually, he required bypass surgery.
 

 He left firefighting, and did not work again as a firefighter until he began working for the Village of Tequesta on August 2, 1993. He did not have a preemployment physical before he started working for the Village of Tequesta. But, before he began working as a firefighter for Miami-Dade County in 1995, he did undergo a medical examination. The examiner, one Dr. Harold Rosen, testified that Mr. Davis “[d]efinitely had heart disease” at the time of the preemployment physical and that “open heart surgery [of the kind Mr. Davis had undergone some years earlier at the City of Gainesville’s expense] does not give a person a new heart and it’s still less than what we would term a normal heart.”
 

 Dr. Rosen stated unequivocally that there was “no question” that Mr. Davis had heart disease at the time of the preemployment examination; but explained that he found him qualified for employment with Miami-Dade County, using as his only criterion whether heart disease “would prohibit [Mr. Davis] from doing his job properly.” Dr. Rosen testified that he was not aware of the National Fire Protection Association’s medical standards at the time he examined the claimant but that, if those standards applied to Mr. Davis at the time of the examination, he should have been disqualified from performing work as a firefighter for Miami-Dade County, based on his history of coronary artery bypass surgery.
 

 On February 26, 2002, the claimant was off-duty, although still on Miami-Dade County’s payroll as a firefighter, when his heart disease manifested itself in a cardiac incident while he was surfing. Dr. Htwe Sein, a board certified cardiologist who treated claimant in the wake of the surfing incident, testified that claimant visited her with a preexisting diagnosis of coronary artery disease and a history of myocardial infarction. She testified that Mr. Davis experienced “acute coronary syndrome with a minimum cardiac enzymes leak” on February 26, 2002, sometimes referred to as a “non-T wave myocardial infarction.” She also testified she had no doubt that the claimant had chronic underlying coronary artery disease when Miami-Dade County hired him in 1995.
 

 Proceedings Below
 

 Following the surfing incident, Mr. Davis filed petitions for benefits against Miami-Dade County
 
 [1]
 
 seeking a determination that the cardiac incident while he was surfing on February 26, 2002, was compensable by virtue of the presumption that arises under section 112.18(1), Florida Statutes, whenever a “firefighter or state law enforcement officer shall have successfully passed a physical examination upon entering into any such service as a firefighter ... which examination failed to reveal any evidence of any such condition.”
 

 The County argued that mere certification as a firefighter (including passing the physical then required) did not entitle Mr.
 
 *16
 
 Davis to the benefit of the presumption set forth in section 112.18(1), because his subsequent, preemployment physical examination for Miami-Dade County revealed that he suffered from heart disease. Both Dr. Leonard Pianko, the County’s independent medical examiner, and Dr. Jaimy Bensimon, claimant’s independent medical examiner, agreed that claimant had preexisting heart disease when Miami-Dade County hired him. The County denied compensability on the ground that the claimant’s heart disease antedated his employment with Miami-Dade County.
 

 Claimant argued that sections 112.18, 633.34
 
 [2]
 
 , and 633.35
 
 [3]
 
 , Florida Statutes, should be read
 
 in pari materia
 
 so that the only physical examination a firefighter needs to take and pass, for purposes of determining whether the presumption set forth in section 112.18 applies, is the initial medical examination described in section 633.34 that a firefighter once had to undergo in order to become certified pursuant to section 633.35.
 

 The judge of compensation claims accepted this argument. In ruling that the 1972 certification examination was the only relevant examination for purposes of section 112.18(1), the judge of compensation claims stated:
 

 The claimant ... successfully passed a physical examination upon entering into any such service as a firefighter which examination failed to reveal any evidence of heart disease. The claimant did this when he was first employed as a firefighter by the City of Gainesville. That is when he entered into service as a firefighter.
 

 The judge of compensation claims acknowledged that the claimant had a history of heart disease at the time of his preemployment physical examination for Miami-Dade County, but ruled this was irrelevant, on grounds that the preemployment physical is “not the one referred to in § 112.18(1),” stating:
 

 
 *17
 
 The only medical examination required by law for firefighters is the pre-certifi-cation medical examination. Section 638.34, Fla. Stat., and Section 633.35, Fla. Stat., should be read
 
 in pari mate-ria
 
 with Section 112.18, Fla. Stat., because the medical examination required by law referred to in Chapter 633 is the one required for certification, which is upon entering into service as a firefighter.
 

 On this basis, the judge of compensation claims found claimant’s heart disease com-pensable and Miami-Dade County responsible for medical benefits.
 

 Preemployment Physical Precluded Presumption
 

 We cannot agree with the judge of compensation claims that “Section 633.34, Fla. Stat., and Section 633.35, Fla. Stat., should be read
 
 in pari materia
 
 with Section 112.18, Fla. Stat., because the medical examination required by law referred to in Chapter 633 is the one required for certification, which is upon entering into service as a firefighter.” The judge of compensation claims erred in relying on sections 633.34 and 633.35 for the proposition that the physical examination referred to in section 112.18(1) was the 1972 certification exam.
 

 Unlike the statute applicable when claimant began working as a firefighter for the City of Gainesville in 1972, which required “any person
 
 initially
 
 employed as a fire fighter” to “[b]e in good physical condition as determined by a medical examination as prescribed by the council,” § 163.490(6), Fla. Stat. (1971) (emphasis supplied), the statute applicable when claimant began employment with Miami-Dade County in 1995 required “[a]ny person
 
 applying for employment as a firefighter
 
 ” to “[b]e in good physical condition as determined by a medical examination....” § 633.34(5), Fla. Stat. (1995) (emphasis supplied).
 

 Although in 1972 certification as a firefighter depended, in part, upon the results of the medical examination,
 
 see
 
 § 163.495(2), Fla. Stat. (1971) (providing that “[t]he council shall issue a certificate of compliance to any person” who, among other things, satisfies the “qualifications for employment in § 163.490”), subsequently enacted amendments to section 633.35, Florida Statutes, explicitly excepted the results of a medical examination performed pursuant to section 633.34(5) from consideration in the certification process.
 
 See
 
 § 633.35(2), Fla. Stat. (1995) (“The division shall issue a certificate of compliance to any person satisfactorily complying with the training program established in subsection (1), who has successfully passed an examination as prescribed by the division, and who possesses the qualifications for employment in s. 633.34,
 
 except s. 633.34,(5).”
 
 (emphasis supplied)).
 

 In conformity with section 633.34, Florida Statutes (1995), Miami-Dade County required Mr. Davis to submit to a preem-ployment physical examination, even though he was already a certified firefighter when he applied for employment with the County. The preemployment examination revealed that he had heart disease before he began work for Miami-Dade County. Section 112.18(1) did not, therefore, give rise to a presumption of occupational causation when, after he took the job, heart disease manifested itself while he was surfing.
 

 Section 633.34, Florida Statutes (1995), unlike section 163.490, Florida Statutes (1971), provides that any person “applying for employment as a firefighter,” § 633.34, Fla. Stat. (1995) — not just a person “initially employed as a fire fighter,” § 163.490, Fla. Stat. (1971) — must “[b]e in good physical condition as determined by a medical examination.” Reading sections
 
 *18
 
 633.34 and 633.35
 
 in pari materia
 
 with section 112.18 lends no support to, and, indeed, rules out, the inference the judge of compensation claims erroneously drew, namely, that the only medical examination required by law for firefighters is the pre-certification medical examination.
 

 Section 112.18(1) draws no distinction between firefighters and law enforcement officers with regard to the presumption the statute authorizes. Section 112.18(1), the statute that controls here, speaks equally of a “firefighter or state law enforcement officer” and confers precisely the same rights and obligations on firefighters as it confers on state law enforcement officers, no more and no less. § 112.18(1), Fla. Stat. (2001).
 

 The 2007 amendment to section 943.13(6) lends no support to appellee’s position. That section 943.13(6) — enacted as part of the Department of Law Enforcement Act — limits its reach to “a law enforcement officer, correctional officer, or correctional probation officer” is perfectly natural, and does not reasonably suggest that firefighters, who are outside the purview of the Department of Law Enforcement Act altogether, should be treated differently. As amended, the Act provides, in pertinent part:
 

 In order to be eligible for the presumption set forth in s. 112.18 while employed with an employing agency, a law enforcement officer, correctional officer, or correctional probation officer must have successfully passed the physical examination required by this subsection upon entering into service as a law enforcement officer, correctional officer, or correctional probation officer with the employing agency, which examination must have failed to reveal any evidence of tuberculosis, heart disease, or hypertension. A law enforcement officer, correctional officer, or correctional probation officer may not use a physical examination from a former employing agency for purposes of claiming the presumption set forth in s. 112.18 against the current employing agency.
 

 § 943.13(6), Fla. Stat. (2008). Section 943.13 makes unmistakably clear that the Legislature reads section 112.18, exactly the same way Miami-Dade County does, as forbidding the use of “a physical examination from a former employing agency for purposes of claiming the presumption set forth in s. 112.18 against the current employing agency.” § 943.13(6), Fla. Stat. (2008).
 

 No examination in 1972 gave rise to the presumption set forth in section 112.18 so as to make Miami-Dade County responsible for workers’ compensation benefits on account of the off-duty cardiac event Mr. Davis experienced in 2002 while employed with Miami-Dade County, employment that only began in 1995, after a preemployment physical revealed that he suffered from heart disease before he ever began working for Miami-Dade County.
 

 Reversed.
 

 LEWIS and ROBERTS, JJ, concur.
 

 [1]
 

 . Claimant filed petitions against both Miami-Dade County and the City of Gainesville seeking, among other things, permanent total disability benefits. Pursuant to the parties' agreement, the JCC bifurcated the issue of compensability from the claims against Miami-Dade County for permanent total disability and other benefits.
 

 The City of Gainesville and Miami-Dade County filed petitions seeking contribution from one another. The parlies later stipulated to a stay of claimant's claims against the City pending the outcome of his claims against the County.
 

 [2]
 

 . Section 633.34 was initially numbered as section 163.490, Fla. Stat. (1971) and states:
 

 After July 5, 1969, any person initially employed as a fire fighter must:
 

 (1) Be a citizen of the United States or have applied for citizenship.
 

 (2) Be a high school graduate or the equivalent, as the term may be determined by the council.
 

 (3) Not have been convicted of a felony or of a misdemeanor involving moral turpitude, as the term is defined by law.
 

 (4) Have his fingerprints on file with the council or an agency designated by the council.
 

 (5) Have a good moral character as determined by investigation under procedure established by the council.
 

 (6) Be in good physical condition as determined by a medical examination as prescribed by the council.
 

 [3]
 

 . Section 633.35 was renumbered from section 163.495, Fla. Stat. (1971):
 

 (1)The council shall establish a fire fighter training program administered by such agencies and institutions as it approves and shall issue, or authorize the issuance of, a certificate of completion to any person satisfactorily completing the training program.
 

 (2) The council shall issue a certificate of compliance to any person satisfactorily complying with the training program established in subsection (1) of this section and the qualifications for employment in § 163.490. No person shall be employed as a regular or permanent fire fighter as defined by the employing agency until he has obtained such certificate of compliance.
 

 (3) The council may issue a certificate to any person who has received training in another state when the council has determined that such training was at least equivalent to that required by the council for approved fire fighter education and training programs in this state and when such person has satisfactorily complied with all other requirements of this part.