*82
 
 PER CURIAM.
 

 The employer/carrier (E/C), Volusia County Fire Services and County Risk Management, raises one dispositive issue on appeal, whether the Judge of Compensation Claims (JCC) erred by determining Claimant’s hypertension was compensable under the presumption created by section 112.18(1), Florida Statutes (2005). We agree and reverse.
 

 Claimant entered into service as a firefighter in July 1992 with the Cedar Hammock Fire Department. In February 2004, while still employed with Cedar Hammock Fire Department, Claimant was diagnosed with hypertension. Claimant worked for Cedar Hammock Fire Department until December 2004 when Volusia County (the Employer) hired Claimant as a fire lieutenant. Before working for the Employer, Claimant underwent a pre-em-ployment physical which noted his diagnosis for hypertension but otherwise found Claimant “fit for duty.”
 

 On September 14, 2005, Claimant was on a training mission when his blood pressure and heart rate became elevated and he was temporarily relieved of duty pending a medical examination. Claimant was seen by the E/C’s occupational physician and was diagnosed as having stress, atypical chest pain, and high blood pressure, which was again noted as being pre-existing. He was cleared to return to work on September 16, 2005.
 

 Claimant filed two Petition for Benefits requests seeking indemnity benefits, correction of average weekly wage, authorization for treatment with a cardiologist, and reimbursement for medical care. The E/C denied compensability based, in part, on the ground that Claimant’s hypertension was pre-existing; therefore, he was not entitled to the presumption set forth in section 112.18.
 

 Section 112.18(1) provides:
 

 (1) Any condition or impairment of health of any Florida state, municipal, county, port authority, special tax district, or fire control district firefighter or any law enforcement officer or correctional officer as defined in s. 943.10(1), (2), or (3) caused by tuberculosis, heart disease, or hypertension resulting in total or partial disability or death shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence. However, any such firefighter or law enforcement officer shall have successfully passed a physical examination upon entering
 
 into any such service
 
 as a firefighter or law enforcement officer, which examination failed to reveal any evidence of any such condition. ...
 

 (Emphasis added). The JCC ruled for Claimant, finding in relevant part: Claimant successfully passed a pre-employment physical before entering into service as a firefighter with Cedar Hammock; the phrase “entering into any such sendee” in section 112.18(1), “clearly refers to a physical examination at the beginning of a firefighters’ career;” and it is immaterial that Claimant’s pre-employment physical with the Employer revealed hypertension. The JCC erred in ignoring Claimant’s pre-em-ployment physical with the employer.
 
 See Miami-Dade v. Davis,
 
 26 So.3d 13 (Fla. 1st DCA 2009). The JCC’s order finding Claimant’s condition to be compensable is reversed.
 

 We remand for entry of an order consistent with this opinion.
 

 WOLF, LEWIS, and ROBERTS, JJ., concur.