PER CURIAM.
In this workers’ compensation appeal, Claimant challenges the Judge of Compensation Claims’ (JCC’s) denial of his claim for permanent total disability (PTD) benefits on grounds that the JCC erred regarding Claimant’s date of maximum medical improvement (MMI) and further erred by denying penalties, interest, costs, and attorney’s fees associated with that claim. Because we agree, we reverse and remand the case to the JCC for further proceedings.
BACKGROUND
On April 9, 2008, Claimant sustained a compensable back injury and was placed on MMI on January 7, 2009, by Dr. John C. Amann, his authorized treating provider. Thereafter, Claimant filed a petition for benefits (PFB) seeking PTD benefits from January 7, 2009, and continuing, along with penalties, interest, costs, and attorney’s fees. The E/C contested the claim in its entirety on various grounds.
Subsequently, on February 23, 2012, Claimant fell when his walking cane col *1290 lapsed. Upon returning to Dr. Amann for evaluation, the doctor opined that a new MRI was needed to assess Claimant’s condition. Dr. Amann testified that Claimant’s fall had “not yet” changed his opinion on the date of MMI and that it was too soon to determine whether the fall had exacerbated his compensable injury. According to Dr. Amann, additional surgery might be recommended upon review of Claimant’s MRI. results; he indicated that surgery may improve Claimant’s condition. In light of Dr. Amann’s testimony, the E/C asserted that, because Claimant’s current status, restrictions, and future treatment were uncertain, Claimant’s claim for PTD benefits was premature.
In the order on review, the JCC denied Claimant’s claim for PTD benefits as premature on the basis that Claimant had not established that he was at MMI. In support, the JCC acknowledged Dr. Amann’s testimony that Claimant’s fall had not changed his opinion regarding Claimant’s MMI status, but found that, given Dr. Amann’s testimony regarding the need for an MRI to determine the extent of Claimant’s condition, Claimant’s current status could not be determined until after the MRI. Consequently, the JCC found that Claimant had failed to meet his burden to prove that he is at MMI. Claimant timely appealed.
ANALYSIS
To the extent a JCC’s order turns on a resolution of the facts, the review standard is competent substantial evidence (CSE); to the extent it involved an interpretation of law, the standard is de novo. See Mylock v. Champion Int’l, 906 So.2d 363, 365 (Fla. 1st DCA 2005); see also Lemmer v. Urban Elec., Inc., 947 So.2d 1196, 1198 (Fla. 1st DCA 2007) (holding JCC’s finding of MMI will be affirmed if supported by CSE).
The date of MMI is statutorily defined as “the date after which further recovery from, or lasting improvement to, an injury or disease can no longer reasonably be anticipated, based upon reasonable medical probability.” See § 440.02(10), Fla. Stat. (2007). It is the claimant’s burden to prove that he is at overall MMI or, if not at overall MMI, that the disability and restrictions from which he suffers are permanent. See East v. CVS Pharmacy, Inc., 51 So.3d 516 (Fla. 1st DCA 2010). Once a claimant’s medical condition has improved as much as is reasonably expected under available and recommended remedial treatments, the claimant may be considered to be at MMI and entitled to PTD benefits for continuing disability even though it is anticipated that the claimant will likely become a candidate for additional remedial treatment at some time in the future. See Emanuel v. David Piercy Plumbing, 765 So.2d 761, 762 (Fla. 1st DCA 2000) (citing Holder v. Keller Kitchen Cabinets, 610 So.2d 1264 (Fla.1992) (affirming PTD award even though it was anticipated that claimant would likely become a candidate for total knee replacement)).
Here, the JCC’s finding that Claimant’s PTD claim was premature is not supported by the record. It is undisputed that Dr. Amann placed Claimant at MMI as of January 7, 2009. Further, it is undisputed that Claimant remained at MMI through at least the date of his fall, February 23, 2012. Although Dr. Amann testified that Claimant’s condition could improve in the future if he became a candidate for surgery, Claimant satisfied his burden to prove that he was at MMI for the period from January 7, 2009 (the date of MMI), through February 23, 2012 (the date of Claimant’s fall), even though Claimant later could become a candidate for surgery, and even if such remedial *1291 treatment eventually improved Claimant’s condition. See Emanuel, 765 So.2d at 762 (concluding that where medical testimony supports finding that claimant has reached MMI in real time, PTD benefits can be awarded thereafter, even if claimant later became candidate for remedial surgery to restore claimant’s ability to work). This is so because workers’ compensation benefits, by design, are to be paid in real time. See § 440.015, Fla. Stat.(2007) (“It is the intent of the Legislature to ensure the prompt delivery of benefits to the injured worker.”). Accordingly, the JCC’s finding that Claimant’s PTD claim was premature is REVERSED and the case REMANDED for reconsideration of the merits of Claimant’s PTD claim in accordance with this opinion.
ROBERTS, RAY, and SWANSON, JJ., concur.