BENTON, J.,
concurring in result.
Only months after the compensation order under review was entered, the City conceded (during the pendency of the appeal) that it owed permanent total disability benefits. On the same mistaken premise that it urged below (and misled the judge of compensation claims to adopt)— namely, that permanent total disability benefits are not owed until the claimant actually reaches “physical MMI,” even though all temporary benefits have been paid — the City has not agreed to pay permanent total disability benefits for the period after it stopped paying temporary benefits and before it conceded Mr. West-phal’s permanent, total disability. Now at issue in the present case as a result is Mr. Westphal’s entitlement to some nine months of permanent total disability benefits. No other disability benefits are at issue. As both members of the original panel still on the court seem to agree, the case should be remanded with directions that the claimant be awarded all the permanent total disability benefits he sought.
In any event, decision of this question does not require an en banc court. “En banc' hearings and rehearing shall not be ordered unless the ease is of exceptional importance or unless necessary to maintain uniformity in the court’s decisions.” Fla. R. App. P. 9.331(a). While undoubtedly important to Mr. Westphal, these few months’ compensation benefits are not “of exceptional importance” within the meaning of the rule. Nor is the en banc court *450 sitting “to maintain uniformity in the court’s decisions.” Id. Quite the opposite. The court has voted not to dissolve en bane proceedings precisely in order not to maintain uniformity in the court’s decisions. Today’s majority opinion espouses precisely the same view stated in dissent and explicitly rejected the last time the court sat en banc on this question. See Matrix Emp. Leasing, Inc. v. Hadley, 78 So.3d 621, 634-85 (Fla. 1st DCA 2011) (Padovano, J., dissenting). Rule 9.331 does not authorize en banc proceedings for purposes of a rematch.
For the reasons Judge Thomas sets out in his opinion, the claimant carried his burden to show both that he was unable to do anything more strenuous than sedentary work — which was not available to him within a radius of fifty miles — at the end of 104 weeks of temporary benefits, and that he would not be able to perform such work on account of disability existing after the date of maximum medical improvement as defined by section 440.02(10), Florida Statutes (2009).[3] Under the rule recently reaffirmed in Hadley, therefore, he was entitled to permanent total disability benefits upon the cessation of temporary benefits. See East v. CVS Pharmacy, Inc., 51 So.3d 516, 517 (Fla. 1st DCA 2010) (“A claimant seeking PTD benefits before she reaches overall MMI must prove she has a present total disability and that said disability will exist after the date of MMI.”); Crum v. Richmond, 46 So.3d 633, 636 (Fla. 1st DCA 2010); Fla. Trans. 1982, Inc. v. Quintana, 1 So.3d 388, 390 (Fla. 1st DCA 2009).
Quite apart from the majority opinion’s unjustified disregard of an unbroken fifteen-year line of precedent — and the unprecedented use of the en banc rule in this case — the new substantive rule of decision the majority opinion lays down is wholly unnecessary to accomplish its stated purpose. If the new rule is that a claimant who “remains totally disabled” when
eligibility for temporary total disability benefits [ends] is deemed to be at maximum medical improvement ... [and] eligible ... for permanent and total disability benefits,
Majority Opinion, at 3, the Oswald-Hadley line of cases has already made this clear whenever it can be proven that the claimant will remain totally disabled upon reaching maximum medical improvement. The real effect of this new rule will be felt in cases in which no gap in benefits can be proven. Consider the case where the claimant is totally disabled at the end of 104 weeks because of surgery necessitated by an industrial accident but sure to be right as rain after six weeks’ convalescence. In such a case, the new rule is an end run around the two-year limit on temporary benefits. See §§ 440.15(2)(a), 4(e), Fla. Stat. (2009);[4] Okeechobee Health Care v. Collins, 726 So.2d 775, 776 (Fla. 1st DCA 1998) (holding temporary benefits cannot be paid for more than 104 weeks). This is brazen defiance of a clear statutory directive.
*451 The majority opinion sometimes speaks of a putative gap, not in disability benefits, but in the period during which claimants may apply for them. Arguably introducing a fundamental ambiguity, it shifts back and forth between a “gap in benefits” and “an indefinite gap in which [claimants] would not be entitled to apply” for benefits. Maj. Op. at 3, 4. But the latter notion makes absolutely no sense under a statutory scheme that unequivocally cuts off the right to apply for permanent total disability benefits two years after the industrial accident. See § 440.19(1), Fla. Stat. (2009).[5] Like the statutory limit on temporary disability benefits, the statute of limitations must be given effect. Not a single judge now maintains that either is unconstitutional.
Accordingly, I concur in the judgment insofar as it requires that Mr. Westphal be awarded approximately nine months’ worth of permanent total disability benefits on remand. I fully concur in Judge Thomas’s rejection of what amounts to a judicial rewrite of the statute for the reasons he states, and I join the portion of Judge Wetherell’s opinion under the heading of Roman numeral I.

. "Date of maximum medical improvement” means "the date after which further recovery from, or lasting improvement to, an injury or disease can no longer reasonably be anticipated, based upon reasonable medical probability.”

. Section 440.15(2)(a), Florida Statutes (2009), provides that "in case of disability total in character but temporary in quality, 66 2/3 percent of the average weekly wages shall be paid to the employee during the continuance thereof, not to exceed 104 weeks[.]" Section 440.15(4)(e), Florida Statutes (2009), provides that temporary partial disability benefits "shall be paid during the continuance of such disability, not to exceed a period of 104 weeks, as provided by this subsection and subsection (2)."

. "Except to the extent provided elsewhere in this section, all employee petitions for benefits under this chapter shall be barred unless the employee, or the employee’s estate if the employee is deceased, has advised the employer of the injury or death pursuant to s. 440.185(1) and the petition is filed within 2 years after the date on which the employee knew or should have known that the injury or death arose out of work performed in the course and scope of employment.” § 440.19(1), Fla. Stat. (2009).