IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CITY OF TAVARES and
GALLAGHER BASSETT
SERVICE, INC.,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Appellants,

CASE NO. 1D17-0027

v.

BILLY HARPER,

**CORRECTED PAGES: pg 1
CORRECTION IS UNDERLINED IN
RED
MAILED: October 26, 2017.
BY: KMS**

      Appellee.

_____/

Opinion filed October 24, 2017.

An appeal from an order of the Judge of Compensation Claims.
W. James Condry, Judge.

Dates of Accident: January 5, 2016, and April 20, 2016.

Mark Hicks of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, and James B. Birmingham of Fulmer, Leroy & Albee, PLLC, Orlando, for Appellants.

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale; and Kristine Callagy of Bichler, Oliver, Longo & Fox, PLLC, Maitland, for Appellee.

PER CURIAM.

In this workers' compensation appeal, the Employer/Servicing Agent (E/SA) seek review of the Judge of Compensation Claims' (JCC's) order finding that

Claimant, a law enforcement officer, established the compensability of his hypertension under the statutory presumption in the Heart-Lung Statute, section 112.18(1), Florida Statutes (2015). According to the E/SA, Claimant's pre-employment physical examination report indicated evidence of hypertension which, in accordance with the plain language of the statute, precludes Claimant's reliance on the presumption. But, because we conclude that competent substantial evidence (CSE) supports the JCC's finding that the single reported elevated blood pressure reading at the pre-employment physical examination did not constitute evidence of the condition of hypertension, we affirm.

In 2016, Claimant experienced two incidences of severely elevated blood pressure and was temporarily taken off of work. He was subsequently diagnosed with hypertension which eventually came under good control with medication. Claimant then sought a determination of compensability of his hypertensive condition as a workplace injury in accordance with the section 112.18(1) statutory presumption. This statute provides, in pertinent part, that any health condition or impairment of a law enforcement officer caused by hypertension and resulting in disability "shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence." § 112.18(1)(a), Fla. Stat. (2015). But to qualify for the presumption, Claimant was required to show, among other things, that he successfully passed a pre-employment

physical examination which "failed to reveal any evidence of such condition." *Id*.; *see also Volusia Cty. Fire Servs. v. Taaffe,* 27 So. 3d 81, 82 (Fla. 1st DCA 2009) (holding that pre-employment physical examination finding claimant fit for duty but noting a diagnosis of hypertension precluded presumption of compensability of hypertension under section 112.18(1)); *Miami-Dade Cty. v. Davis*, 26 So. 3d 13, 17-18 (Fla. 1st DCA 2009) (holding that section 112.18(1) presumption was precluded where relevant pre-employment physical revealed claimant suffered from heart disease).

Here, Claimant's 2007 pre-employment physical examination report listed a single blood pressure reading of 140/60, which, according to the unrefuted medical opinions in this record, is considered high.[1] The condition of hypertension, however, was not noted in the report; in fact, the findings were described as normal. Furthermore, medical records documenting Claimant's medical history from 2001 through the end of 2015 did not reveal any reference to hypertension or to any other elevated blood pressure readings. The medical opinions indicated that an isolated elevated blood pressure reading could be caused by hypertension, but also by a number of other conditions unrelated to hypertension, including what is commonly referred to as "white coat" syndrome.[2] For that reason, they opined, two or three

---

[1] A normal reading would be 120/80.
[2] "White coat" syndrome describes a transient increase in blood pressure caused by the stress of undergoing a blood pressure reading. It is considered a normal

abnormal readings within a period of time are necessary to confirm the condition of hypertension.

Ultimately, the JCC found that the pre-employment physical examination did not show evidence of the condition of hypertension in this case and concluded that Claimant was entitled to rely on the statutory presumption. In reaching this conclusion, the JCC relied on the opinion of Dr. Perloff, Claimant's independent medical examiner (IME), who testified that there is a distinction between a single isolated measurement in the hypertensive range and the actual disease process of hypertension. In his opinion, one high blood pressure reading *could* be evidence of hypertension; however, he also testified that he found it "hard to believe" that the 2007 reading "really represent[ed] hypertension" given that it is "extremely rare that patients become hypertensive and then are not" and, as noted here, Claimant did not have any documented elevated readings for approximately fourteen years after his pre-employment physical. Significantly, both Dr. Perloff and Dr. Nocero, the E/SA's IME, agreed that Claimant's responses to stress suggested "white coat" syndrome as a possible explanation for the single elevated reading during the pre-employment physical examination.

On appeal, the E/SA argue that the JCC erred as a matter of law because the statute refers to *any* evidence of a condition and does not require evidence sufficient

phenomenon that requires no medical treatment.

4

to support an actual diagnosis. To the extent this issue turns on the JCC's interpretation and application of the statute, our review is *de novo*; but, to the extent it turns on the resolution of facts, review is for CSE. *See Benniefield v. City of Lakeland*, 109 So. 3d 1288, 1290 (Fla. 1st DCA 2013).

We begin our analysis with the language of the statute. It is well-established that "[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984). Furthermore, courts are "without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power." *McLaughlin v. State*, 721 So. 2d 1170, 1172 (Fla. 1998) (quoting *Holly*, 450 So. 2d at 219); *see also Fast Tract Framing, Inc. v. Caraballo*, 994 So. 2d 355, 357 (Fla. 1st DCA 2008) (citing *State v. Rife*, 789 So. 2d 288, 292 (Fla. 2001)).

Here, the wording of the statute provides that the law enforcement officer "must have successfully passed a physical examination" which "failed to reveal any evidence of any such condition." The E/SA argue that the plain meaning of "any evidence" would include the one reading because "evidence" is broadly defined as simply "[s]omething (including testimony, documents, and tangible objects) that

5

tends to prove or disprove the existence of an alleged fact; anything presented to the senses and offered to prove the existence or nonexistence of a fact." Black's Law Dictionary 673 (10th ed. 2014). Presumably, under the interpretation advocated by the E/SA reasoning, a false positive would also qualify as "any evidence." This interpretation would eviscerate the statutory presumption and it ignores the second part of the relevant portion of the statute which requires that the evidence relate to the listed condition: in this case, Claimant's hypertension first identified as such in 2016. This additional language means that the factually specific nature of the presumption requires evidence specific to the facts of the claim and in the context of the unique medical history of the claimant — not simply "any evidence" as it may apply to the population at large.

Our reading of the plain language here is consistent with this court's opinion in *Talpesh v. Village of Royal Palm Beach*, 994 So. 2d 353, 354-55 (Fla. 1st DCA 2008). In *Talpesh*, the JCC ruled that the presumption under section 112.18(1) did not apply to that claimant's coronary artery disease because the pre-employment examination revealed high blood pressure. This court found that the JCC erred because the examination did not reveal the specific listed condition of heart disease. The *Talpesh* court then determined that the claimant there was entitled to the presumption that his coronary heart disease was caused by his occupation.

Here, the findings of fact similarly establish that the pre-employment examination failed to reveal the specific listed condition: i.e., hypertension. Furthermore, CSE supports the JCC's conclusion that Claimant's elevated blood pressure reading at the pre-employment physical examination was not evidence of hypertension. Indeed, based on the medical opinions in this case, it appears that this single isolated elevated reading in Claimant's medical history was more likely than not an indication of "white coat" syndrome at the pre-employment physical.

Accordingly, because the JCC did not err when he determined that Claimant is entitled to the statutory presumption in section 112.18(1), we affirm the order on appeal.

AFFIRMED.

B.L. THOMAS, C.J., and WETHERELL and M.K. THOMAS, JJ., CONCUR.